PIERRE COUGOT *v.* CITY OF NEW ORLEANS.

The municipal authorities of New Orleans are invested with power to establish public markets.

At the time of the lease of the Trémé Market an addition or prolongation of the market-house was being constructed by order of the City, which addition was not included in the lease.—*Held:* That on its being completed, the City had a right to lease it as a separate public market from that of Trémé, and no action for damages would lie in favor of the lessee of Trémé Market.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J. *C. Dufour,* for plaintiff and appellant. *J. Michel,* for defendant.

LAND, J. This is an action for the recovery of damages; and the grounds of complaint are that in December, 1858, the plaintiff became the lessee of Trémé Market in the Second District of this city, for the year 1859; that at the time of making the contract of lease, an addition or prolongation of the market-house was being constructed by order of the city; but the addition was unfinished and not included in the lease of the market to the plaintiff; that in the month of February, 1859, the addition to the market being completed, the city caused it to be leased out as a separate and distinct public market from that of Trémé market; and that the said last mentioned contract of lease was unjust and illegal, and has caused damage to the plaintiff in the sum of ten thousand dollars, by diminishing the revenues of Trémé Market, to which he was entitled under his contract of lease with the city. These grounds of complaint are insufficient to maintain the action.

The municipal authorities of the city of New Orleans are invested with power to establish public markets; and the mere existence of a contract of lease of a market already established, is no restraint upon the exercise of such power for the purpose of promoting the public convenience and advantage. The exercise of the power to establish markets is but the

Cor, Got
v.
New Orleans.

exercise of a legal right on the part of the city, and affords no cause of action to the farmers or lessees of the revenues of markets previously established, for the recovery of damages occasioned thereby. If the exercise of a legitimate power by a municipal corporation, cause damage to an individual, it is *damnum absque injuria*, and no action lies in his favor for indemnity. *Acrot* v. *City*, Opinion Book No. 30, p. 185.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.