## FELLOWS v. WEBB.

1. **Pleading:** DENIAL OF AVERMENT: ISSUE. If an averment in a petition
be not denied in the sense in which it is made, so that by plain implication
of language the allegation and the denial fail to raise an issue, the aver-
ment must be taken as confessed.

2. **Deed:** CONSTRUCTION OF. F. and W. owned quarries situated upon
adjoining lands. By the terms of a deed from the latter to the former,
F. was to have the use of a railroad side track "as now located," across
the land of W. and to be extended as soon as possible to the quarry of
F.   Subsequently, W. graded a new side track at but a short distance
from the former one: *Held*, that F. was entitled to the use of the newly
constructed track, the words "as now located" having been used only to
distinguish between the part already built at the time of the execution
of the deed and the part covenanted to be built.

### *Appeal from Linn District Court.*

### FRIDAY, APRIL 21.

THE plaintiff is the owner of a stone quarry near the track
of the Dubuque Southwestern R. R. Co., and the defendant is
the owner of a stone quarry on land adjoining the plaintiff's
quarry.   The question in the case is as to the right of the
plaintiff to use a certain side track, and turns mainly upon the
construction of a certain deed from the defendant to the plain-
tiff.   At the time the deed was executed the Dubuque South-
western R. R. Co. had laid a side track from its main track
across a portion of the defendant's land and nearly to the
plaintiff's land.   The iron was owned by said company.   The
deed conveys to the plaintiff the use of the side railroad track,
as now located, and the use of the side railroad track, to be
extended by defendant as soon as practicable to plaintiff's
land at cost of defendant, except for iron, so that plaintiff

should have the right to use said railroad track from her land continuously to the Dubuque Southwestern Railroad.

Afterwards the defendant graded a new track for side railroad, which was for the most part about twenty-five feet nearer the bluff and nearer his quarry, and the railroad company took up the iron from the old track and laid so much of it as was suitable on the new track, and supplied what new iron was needed.

The plaintiff avers in her petition that by said deed she acquired the use of any side railroad track built by defendant at and from a point of divergence from the main track of the Dubuque Southwestern Railroad across defendant's lands, and that defendant refuses to permit her to run cars over said side track. She prays that a writ of injunction may issue, restraining defendant from interfering with her use of it. Decree for plaintiff. Defendant appeals.

*A. St. Clair Smith* and *Hubbard & Deacon*, for appellant.

*Thompson & Davis*, for appellee.

ADAMS, J.—I. The answer avers that the plaintiff never notified the defendant that she desired to use the right of way

1. PLEADING: denial of averment: issue. granted to her, and there is no evidence tending to show that she did. The appellant contends, therefore, that her petition must be dismissed on this ground, if on no other. The petition avers that the plaintiff acquired by said deed the right to use any side track built by defendant. This the defendant denies, and says that the plaintiff acquired by her deed the right to use only the old track. The plaintiff avers that defendant refuses to permit plaintiff to run cars over said track, meaning clearly the track built by defendant. This averment, taken in the sense in which it was intended by plaintiff, is not denied. The statement in the answer that plaintiff never notified defendant that she desired to use the right of way *granted her* is not a denial, because defendant claimed that the right of way granted her was the old track. The averment of the petition, therefore, as to the refusal not

being denied in the sense in which it was made, must be taken as confessed.

II. The appellant further claims that inasmuch as, by the express language of the deed, she was granted the use of the side railroad track "as now (then) located," she cannot properly claim the use of the side railroad track as subsequently and differently located. The words in the deed "as now located" were used not to distinguish the track from a substituted track a few feet nearer the bluff and quarry, but to distinguish the track then built from that which was to be built in extension of it. The precise location of the track could not have been deemed material by the parties. What the plaintiff wanted and what the defendant intended to grant was the right to use the side railroad track ironed by the Dubuque Southwestern Railroad Co. at that place for the transportation of stone. It is true that in the re-location of the track, which consists of road-bed as well as iron, the identity would not be altogether preserved. But the parties had in mind no such fine spun distinction. It should have been contemplated indeed, as it doubtless was, that it would become necessary to move the track from time to time nearer to the bluff as the progress of the work in quarrying stone therefrom might require. Although moved it should be regarded as the track described in the deed.

The referee reported that the plaintiff is entitled to a decree requiring the defendant to build a side track for the use of the plaintiff. The District Court confirmed the decree. As the petition merely prays for an injunction restraining the defendant from interfering with plaintiff's use of defendant's track, we would not be justified in decreeing that defendant shall build a new track. If he should build such track (except the furnishing of the iron for the track across the land in said section No. One, conveyed to Parsons & Webb), then the plaintiff should be required to use such track instead of the present track. With the modification above set forth, the decree of the District Court is

AFFIRMED.