## WILLIAM L. ELKINS

*v.*

## THE CAMDEN AND ATLANTIC RAILROAD COMPANY.

The directors of a railroad company, without any authority either by statute or charter, passed a resolution to assume certain debts and to buy a majority of the stock and bonds and the equipment of a rival railroad. The resolutions also provided for the calling of a special meeting of the stockholders to vote upon the matter, and it was not to be carried out without their approval.—*Held,*

(1) That the proposed purchase was *ultra vires,* and hence could not be executed even if ratified by the stockholders.

(2) That it was void and against public policy, in that its object was to prevent lawful competition.

(3) That it could be enjoined upon the application of a single stockholder of the purchasing company, and that the fact that such stockholder had obtained his stock after the passage of the resolutions, and with the avowed design of preventing its consummation, would not affect his right to relief.

Bill for injunction. On motion to dissolve the injunction on bill and answer.

*Mr. P. L. Voorhees* and *Mr. B. Williamson*, for the motion.

*Mr. D. J. Pancoast, Mr. S. H. Grey* and *Mr. T. N. McCarter, contra.*

THE CHANCELLOR.

The bill is filed by William L. Elkins, a stockholder of the Camden and Atlantic Railroad Company, on behalf of himself and the other stockholders, against the company, to restrain it from entering into or executing any agreement with the Philadelphia and Atlantic City Railway Company, for the purchase by the former of the railroad of the latter company, and from entering into or executing any agreement with William Massey for the purchase by it of his interest in the latter company, for the purpose of getting control of the road of that company, and from entering into or executing any agreement with any corporation or corporations, person or persons, for the purchase by

NOTE.—The statute, *21 Jac. I. c. 3*, prohibiting monopolies, has been said to be merely declaratory of the common law, *Norwich Gas Co.* v. *Norwich City Co., 25 Conn. 33;* but see *Com.* v. *Canal Comrs., 5 W. & S. 394; Pennock* v. *Dialogue, 2 Pet. 1.*

Whether a monopoly can be granted by the legislature, *Hecker* v. *New York Balance Dock Co., 13 How. Pr. 549, 24 Barb. 215; People* v. *Vanderbilt, 26 N. Y. 287, 28 N. Y. 396; Enfield Co.* v. *Hartford R. R. Co., 17 Conn. 40.* See *Gibbons* v. *Ogden, 9 Wheat. 1; Western Union Co.* v. *Atlantic & Pac. Co , 5 Nev. 102.*

The grant of a monopoly must be express, and can never be implied, *Tuckahoe Canal Co.* v. *Tuckahoe R. R. Co., 11 Leigh 42 ; Gaines* v. *Coates, 51 Miss. 335 ; Mohawk Bridge Co.* v. *Utica R. R. Co., 6 Paige 554; Thompson* v. *New York R. R., 3 Sandf. Ch. 625 ; McLeod* v. *Burroughs, 9 Ga. 213 ;* and such will be the construction of a personal covenant, *Stull* v. *Westfall, 25 Hun 1 ;*

Elkins v. Camden and Atlantic R. R. Co.

it of any of the property or stock of the latter company for any purpose not necessary for the proper operation of its own road. The bill states that it is the purpose of the defendant and its board of directors, in its name and with its funds, either to purchase of the Philadelphia and Atlantic City Railway Company its railroad (which runs, as does that of the defendant, from the city of Camden to Atlantic City), for a very large sum of money, or to purchase of William Massey, who, it alleges, is the owner of the greater part of the stock and property of that company, his interest therein, for the sum of $500,000, over and above certain debts and liabilities of that company, estimated to amount to $200,000, to be assumed and paid by the defendant as a part of the consideration of the purchase; that the terms of the agreement to make the purchase of Massey had already, when the bill was filed, been agreed upon between him and the president of the defendant, and that at a' meeting of the board of directors of the defendant, held in Camden, on the 29th of May last, a resolution was passed in favor of the execution of the agreement to purchase from Massey his interest for the before-mentioned consideration. The bill further states that it is the design of the president and board of directors of the defendant to purchase, with the funds and in the name of the defendant, either the entire property of the Philadelphia and Atlantic City Railway Company, or a controlling interest therein, with a view of uniting the property, business and management of that

---

*Stephens* v. *Aulls, 3 T. & C. (N. Y.) 781; Williams* v. *Tiedemann, 6 Mo. App. 269.*

A municipal corporation cannot grant a monopoly, as an exclusive right to run omnibuses in the city, *Logan* v. *Pyne, 43 Iowa 524;* or to slaughter animals, *Chicago* v. *Rumpff, 45 Ill. 90; Live Stock Assn.* v. *Crescent City Co., 1 Abb. (U. S.)'388; Nash's Case, 33 U. C. Q. B. 181.* See *Belden* v. *Fagan, 22 La. Ann. 545; Slaughter House Cases, 16 Wall. 36; Crescent Co.* v. *Butchers' Co., 9 Fed. Rep. 743;* or to manufacture and supply illuminating gas, *State* v. *Cincinnati Gas Co., 18 Ohio St. 262; Norwich Gas Co.* v. *Norwich City Gas Co., 25 Conn. 20; East St. Louis* v. *St. Louis Gas Co., 98 Ill. 415; Des Moines Gas Co.* v. *Des Moines, 44 Iowa 505;* but see *State* v. *Milwaukee Gas Co., 29 Wis. 454; People* v. *Bowen, 30 Barb. 24, 21 N. Y. 517;* or prevent one citizen only from carrying on a dangerous business in the city, *Hudson* v. *Thorne, 7 Paige 261; Tugman* v. *Chicago, 78 Ill. 405.* See *Richmond R. R. Co.* v. *Richmond, 96 U.*

company with those of the defendant; and it charges that the scheme is foreign to the object and purposes of the defendant, beyond its powers, unlawful in its character and against the best interests of its stockholders, and that, if executed, it will result in irreparable injury to the complainant and the other stockholders of the defendant. On the filing of the bill an injunction was issued pursuant to the prayer thereof. The defendant has answered, and now, on the bill and answer, moves to dissolve the injunction. The answer, while it denies that the agreement referred to in the bill is as therein stated, admits that an agreement has been made between the president of the defendant, on its behalf, and Massey, for the sale by the latter to the defendant, for the consideration of $500,000, to be paid in the defendant's first mortgage bonds, of his stock, bonds and other claims of and against the Philadelphia and Atlantic City Railway Company, and certain rolling stock of his. The following is the property bargained for:

| | | |
|---|---:|---:|
| First mortgage bonds.................. ......... | $224,000 00 | |
| Interest unpaid to July 1st, 1882, inclusive ......... ...... ......... ...... | 74,560 00 | |
| | | $294,560 00 |
| First mortgage bonds, held as collateral security......... ............ | $70,400 00 | |
| Interest unpaid to July 1st, 1882, inclusive ............ ...... ............ | 27,104 00 | |
| | | $97,504 00 |

*S. 521;* or to provide a market-house, *Gale* v. *Kalamazoo, 23 Mich. 344; Cougot* v. *New Orleans, 16 La. Ann. 21.* See *Caldwell* v. *Alton, 33 Ill. 416; Bloomington* v. *Wahl, 46 Ill. 489;* or to establish and run a ferry, *Minturn* v. *Larue, 23 How. 435;* see *Johnson* v. *Crow, 87 Pa. St. 184; Broadway Co.* v. *Hankey, 31 Md. 346; Hall* v. *Minturn, 55 N. Y. 676; Burlington Co.* v. *Davis, 48 Iowa 133; Midland Ferry Co.* v. *Wilson, 1 Stew. Eq. 537, note.*

A railroad or other corporation has no power, without legislative authority, to transfer or lease its road or franchises to another railroad company, *Kean* v. *Johnson, 1 Stock. 401; Black* v. *Del. & Rar. Canal Co., 7 C. E. Gr. 130, 9 C. E. Gr. 455; Troy R. R. Co.* v. *Kerr, 17 Barb. 581; Clark* v. *Omaha R. R., 5 Neb. 314; Johnson* v. *Shrewsbury R. R., 17 Jur. 1015, 3 De G. M. & G. 914; McMillan* v. *Mich. South. R. R., 16 Mich. 79; Shrewsbury R. R.* v. *London R.*

| | | |
|---|---:|---:|
| Floating debt | $236,344 | 10 |
| Less bonds held as collateral | 70,400 | 00 |
| | $165,944 | 10 |
| Interest on the same to July 1st, 1882, about | 27,500 | 00 |
| Twenty-six hundred shares of stock | 130,000 | 00 |
| Nine locomotives and twenty-seven cars | 109,299 | 47 |
| | $824,807 | 57 |

The agreement, according to the answer, was by its terms to be of no effect, unless first submitted to and approved by the defendant's board of directors, and then ratified by its stockholders. There was also a provision for the purchase of the property by the defendant's president, for himself, or such of the defendant's stockholders as might associate themselves with him or them, in case of the directors or stockholders neglecting or refusing to approve of the agreement. That, however, is of no importance in the decision of the question under consideration. The agreement was made on the 26th of May last, and was to be carried out on the 1st of July following. The answer avers that so far from being an injury to the complainant and the other stockholders of the defendant, the execution of the agreement would be greatly to their advantage, and it avers also that it would be greatly to their advantage if by purchase, lease, uniting or consolidating with the Philadelphia and Atlantic City Railway Com-

R., 17 Jur. 845 ; Occum Co. v. Sprague Co., 34 Conn. 529 ; Thomas v. West Jersey R. R., 101 U. S. 71 ; East Anglian R. R. v. Eastern Co. R. R., 11 C. B. 775 ; Campbell v. Marietta R. R., 23 Ohio St. 168 ; Lauman v. Lebanon Valley R. R., 30 Pa. St. 42 ; Pinto Co. Case, L. R. (8 Ch. Div.) 273 ; Boston R. R. v. New York R. R. (R. I.), 23 Alb. L. J. 518 ; Campbell's Case, L. R. (9 Ch. App.) 1 ; Simpson v. Westminster Co., 8 H. L. Cas. 712 ; Era Ins. Co., 6 Jur. (N. S.) 1334 ; Smith v. St. Louis Ins. Co., 2 Tenn. Ch. 727 ; Price v. St. Louis Ins. Co., 3 Mo. App. 262 ; Cozart v. Georgia R. R., 54 Ga. 379 ; or to consolidate with another, York R. R. Co. v. Winans, 17 How. 30 ; International R. R. v. Bremond, 53 Tex. 96 ; Charlton v. New Castle R. R. Co., 5 Jur. (N. S.) 1096 ; Mc-Cray v. Junction R. R., 9 Ind. 359 ; State v. Bailey, 16 Ind. 46. See Central R. R. Co. v. Georgia, 40 Ga. 582, 92 U. S. 665 ; State v. Greene Co., 54 Mo. 540 ; Denike v. New York Lime Co., 80 N. Y. 599 ; Chicago R. R. v. Lake Shore R. R., 11 Rep. 323 ; Field on Corp. chap. XVI. Not even by the as-

pany, the defendant could have the management and operation of the railway of that company, and use and operate it' as a branch or lateral road. The latter road is a rival road. It is a narrow-gauge road, while the defendant's is of the ordinary gauge. The Philadelphia and Atlantic City Railway Company is insolvent, proceedings for foreclosure and sale of its road under the mortgage (for $500,000) thereon being now in progress in this court, and the road is now, by leave of this court, in the hands of, and operated by, the trustees for the bondholders under that mortgage. It appears, by the answer, that the defendant's board of directors have approved of the agreement in question, and that they do not intend to take any steps to carry it out, unless it be ratified by the stockholders. But though the answer avers that it is not the intention of the president and directors to act in the matter without the full consent, approval and direction of the stockholders, it must be understood that it does not mean to say that they will not act without the consent of all the stock-holders, for otherwise the filing of the bill by the complainant, a dissentient stockholder, would have put an end to the matter, at least until his consent should have been obtained. What it means, undoubtedly, is that they will not act without the consent of the holders of a majority of the stock.

It is quite clear that unless the purchase in question can be sustained as a union or consolidation of the defendant with the other company, it cannot be sustained at all. On its face it is

sent or ratification of all the stockholders, *Ashbury R. R. Co.* v. *Riche, L. R. (9 Exch.) 224, (7 H. L.) 653, 14 Moak 81, note; Colman* v. *Eastern Co. R. R., 10 Beav. 1; National Trust Co.* v. *Miller, 6 Stew. Eq. 155; New Orleans R. R. Co.* v. *Harris, 27 Miss. 517; Albert Assurance Co., L. R. (6 Ch. App.) 381; Eakin* v. *St. Louis R. R., 3 Cent. L. J. 655.*

Nor power to become a stockholder in another railroad, *Central R. R. Co.* v. *Collins, 40 Ga. 582; Compagnie Française* v. *Western Union Co., 11 Fed. Rep. 842; Salomons* v. *Laing, 6 Eng. Railw. Cas. 289; Franklin Bank* v. *Commercial Bank, 36 Ohio St. 350; Franklin Co.* v. *Lewiston Inst., 68 Me. 43; Taylor* v. *Earle, 8 Hun 1; Buford* v. *Keokuk Co., 3 Mo. App. 159.* As to purchasing its own shares, see *Dronfield Co.'s Case, L. R. (17 Ch. Div.) 76; Currier* v. *Lebanon Slate Co., 56 N. H. 262; Barton* v. *Port Jackson Co., 17 Barb. 397; Green's Brice's Ultra Vires 94; Hope* v. *International Soc., L. R. (4 Ch. Div.) 327.* An agreement by two or more stockholders to buy a majority of

Elkins *v.* Camden and Atlantic R. R. Co.

merely the purchase by the defendant, as a speculation, of stock and bonds, and floating debt of an insolvent corporation, together with rolling stock which it cannot use on its own road. In that view it is so obviously foreign to the objects for which the defendant was incorporated, so utterly unauthorized by any law, and so clearly beyond its powers, that no attempt is made in the answer, nor was any made on the argument, to sustain it on that ground; but the effort was made to sustain it on the ground that it is, in effect and in fact, a union and consolidation with the rival company, or an acquisition of the road of that company, as a lateral road. And inasmuch as on its face the agreement is neither of those things, it was urged that the court should, if it appears that the proposed purchase is designed merely as means for such union and consolidation or acquisition, have regard to the object and purpose rather than to the means by which they are both effected. By the general railroad law (*Rev. p. 930 § 17*) and the act of 1880 (*P. L. of 1880 p. 231*), power is given to railroad companies to lease their roads, or any part of them, to any other corporation or corporations of this or any other state, or to unite and consolidate as well as merge their stock, property and franchises and roads with those of any other company or companies of this or any other state, or to do both; and it is provided that after such lease or consolidation the company acquiring the other's road may use and operate such road, and its own roads, or any of them. The purchase in question here has no reference to the

the stock and control the corporation thereafter, is unenforceable, *Jacobs* v. *Miller* (*N. Y.*), *15 Alb. L. J. 188.* See *McMurray* v. *Northern R. R., 23 Grant's Ch. 134.*

Contracts between rival railroads to prevent competition will not be enforced, *Wiggins Ferry Co.* v. *C. & A. R. R., 5 Mo. App. 347, 73 Mo. 389; Hartford R. R.* v. *New Haven R. R., 3 Rob. (N. Y.) 411; Peoria and Rock Island R. R.* v. *Mining Co., 68 Ill. 489, 12 Am. Law Reg. (N. S.) 284, note; Shrewsbury R. R.* v. *London R. R., 17 Jur. 845; Pearce* v. *Peru R. R., 21 How. 441;* but, on the contrary, may be restrained, *State* v. *Hartford R. R., 29 Conn. 538; People* v. *Albany R. R., 24 N. Y. 261;* or between a railroad and express company, *Sandford* v. *R. R. Co., 24 Pa. St. 378; New England Ex. Co.* v. *Maine R. R. Co., 57 Me. 188; Southern Ex. Co.* v. *Nashville R. R. Co., 20 Am. Law Reg. (N. S.) 590, 602, note; McDuffee* v. *Portland R. R. 52 N. H. 430; Texas Ex. Co.* v. *Texas R. R. Co., 6 Fed. Rep. 426;* so, between

acquisition of the narrow-gauge road by lease. But it is, as before stated, claimed that it is designed to enable the defendant to acquire the control and use of that road. That design is not directly avowed in the answer. It is charged in the bill, however, and is not denied in the answer, and it is a fair inference from the latter, that such and no other is the design. The object is to obtain ownership of so great a part of the stock, indebtedness and property of the narrow-gauge company, as to enable the defendant by means thereof to become the purchaser of its property at the foreclosure sale, or to have control of it after such sale in any re-organization of the company. But the acts of the legislature before referred to, while they give the defendant power to unite and consolidate with the other company, give it no power to purchase the debts of that company or its road, and it has no power to borrow money for either of those purposes. Union and consolidation of two railroad companies are one thing, and the purchase by one company of the property and franchises of the other, is another. What the defendant proposes to do is, not to unite and consolidate with the other company, but to purchase the means of controlling the property and franchises of that company, and for that purpose to borrow half a million dollars on mortgage of its own property and franchises. It has no power to borrow money for that purpose, and if it had the money in its treasury it would have no right to use it for that purpose. The purchase of a rival railroad is (not to

manufacturers, *Central Salt Co.* v. *Guthrie, 35 Ohio St. 666; Hilton* v. *Eckersley, 6 E. & B. 47; India Bagging Assn.* v. *Kock, 14 La. Ann. 168;* or, producers and dealers, *Morris Coal Co.* v. *Barclay Coal Co., 68 Pa. St. 173; Clancey* v. *Onondaga Salt Co., 62 Barb. 395; Craft* v. *McConoughy, 79 Ill. 346; Arnot* v. *Pittston Coal Co , 2 Hun 591, 68 N. Y. 558; Crawford* v. *Wick, 18 Ohio St. 190; Raymond* v. *Leavitt, 46 Mich. 447;* or proprietors of boats, *Stanton* v. *Allen, 5 Denio 434; Pratt* v. *Tapley, 3 Pugs. 163; Hooker* v. *Vandewater, 4 Denio 349; Anon., 2 Whart. Prec. *658; Murray* v. *Vanderbilt, 39 Barb. 140.* See *Palmer* v. *Stebbins, 3 Pick. 188; Collins* v. *Locke, L. R. (4 App. Cas.) 674; Jones* v. *Fanning, Morris 348;* or of two lines of stages, *Bennett* v. *Dutton, 10 N. H. 481;* or a railroad company and a ferry company, *Lyde* v. *Eastern R. R. Co., 36 Beav. 10;* or a railroad company and a stage-owner, *Marriott's Case, 1 C. B. (N. S.) 499;* See *Parker* v. *Great Western R. R., 11 C. B. 545; Wiswall* v. *Greenville Co., 3 Jones Eq. 183;* or a railroad company and parlor car company, *Pullman*

Elkins *v.* Camden and Atlantic R. R. Co.

·speak of public policy) foreign to the objects for which the defendant was incorporated. Nor can the purchase be regarded as within the authority given by the defendant's charter to build lateral or branch roads. The charter authorizes the company to construct a railroad (the main line) from the city of Camden, or some point in the county of Camden within a mile of the city, to run to the sea at or near Absecon inlet in Atlantic county, and two branches from some convenient point in the main road, to be determined by the company, one to run to Batsto village in Burlington county, and the other to May's Landing in Atlantic county. *P. L. of 1852 p. 265.* The narrow-gauge road runs, as before stated, from Camden to Atlantic City. Obviously, the acquisition of it cannot be regarded as authorized by a grant of power to build branches from the defendant's main line to Batsto and May's Landing. The transaction under consideration must be regarded as an agreement to buy stock and bonds, and unsecured debt of an insolvent corporation. As such, irrespective of the assumed ulterior object in the purchase, it is not even suggested that it is legitimate. It does not appear that the rolling stock included in the bargain, and valued therein at $109,000, is to be purchased for use on the defendant's road, but it is reasonable to conclude that it is not, seeing that it is adapted to the narrow-gauge road, and therefore not to the defendant's. Moreover, it is apparent that the agreement is to be regarded as a whole, and is so regarded by the defendant. As ·

*Palace Car Co.* v. *Texas and Pacific Co., 11 Fed. Rep. 625,* and *632, note;* or a railroad company and telegraph company, *Western Union Co.* v. *Union Pac. Co., 3 Fed. Rep. 1; Western Union Co.* v. *St. Joseph R. R., Id. 430; Western Union Co.* v. *American Union Co., 65 Ga. 160; Atlantic & Pac. Co.* v. *Union Pac. R. R., 1 Fed. Rep. 745; Western Union Co.* v. *Burlington Co., 11 Fed. Rep. 1, 10, note; Western Union Co.* v. *Kansas Pac. R. R. Co., 4 Fed. Rep. 284;* or injurious discriminations in the delivery or transportation of freight, *Rogers Loco. Works* v. *Erie R. R. Co., 5 C. E. Gr. 379; Chicago & N. W. R. R.* v. *People, 56 Ill. 365; Crouch* v. *London & N. W. R. R., 14 C. B. 255; Garton* v. *Bristol R. R., 6 C. B. (N. S.) 639; Pickford* v. *Grand Junction R. R., 10 M. & W. 399; McDuffee* v. *Portland R. R., 52 N. H. 430, 455; Twells* v. *Pa. R. R. Co., 3 Am. Law Reg. (N. S.) 728, 733, note; Union Locomotive Co.* v. *Erie R. R. Co., 8 Vr. 23; David* v. *Western Union R. R., 1 Cin. S. C. 100.* See *Fitchburg R. R.* v. *Gage, 12 Gray 393; Baxendale* v. *Great Western R. R., 5*

a purchase with a view to extinguishing competition the transac-- tion is clearly *ultra vires*.    *Colles* v. *Trow City Directory Co.*, 11 *Hun 397*.

It is urged that to induce this court to interfere by injunction in such a case as this, it must appear that the complainant will, if it withholds its prohibition, sustain irreparable injury, and it is insisted that so far from being an injury to the stockholders the proposed purchase will be of very great advantage. It is also urged that the complainant is a mere volunteer ; that he acquired his stock after the negotiations for the purchase in question were begun, and got it for the very purpose of defeat- ing the project. To dispose of the latter objection : It appears that the complainant is a stockholder. If, in fact, he acquired his stock at the time and with the design alleged in the answer, that would not affect his right to the relief which he seeks. But those things appear only from the averments of the answer, and those averments are not responsive and are therefore no evidence, and if they were they are not verified. As to the former objec- tion : The proceeding in question is, as before stated, strictly *ultra vires*. In such a case equity will give such appropriate relief as may be practicable against the illegal act, and that, too, at the suit of a single stockholder ; while on the other hand, it will not interfere in a matter involving no breach of trust but only error of judgment on the part of the representatives of the company, even though such error may eventuate in the injury

---

*C. B.* (*N. S.*) *309 ; Chicago R. R.,* v. *Parks, 18 Ill. 460 ; Munhall* v. *Pa. R. R. Co., 92 Pa. St. 150 ; Morris and Essex R. R.* v. *Sussex R. R., 5 C. E. Gr. 543 ; Stewart* v. *Lehigh Valley R. R. Co., 9 Vr. 505.*

A contract between a railroad company and a telegraph company, whereby the former agreed to give the latter the exclusive right of way for telegraphic purposes, so far as it legally might, and to discourage competition, was held not void, *Western Union Tel. Co.* v. *Chicago & P. R. R., 86 Ill. 246 ; West- ern Union Co.* v. *Atlantic & Pac. Co., 7 Biss. 367 ;* so, of a contract by an indi- vidual not to run, own or be interested in any line of packet boats on the Erie canal, *Chappel* v. *Brockway, 21 Wend. 157 ;* or not to run boats on a certain line of travel, *California Nav. Co.* v. *Wright, 6 Cal. 258 ; Oregon Nav. Co.* v. *Winsor, 20 Wall. 64 ; Dunlop* v. *Gregory, 10 N. Y. 241 ;* but see *Wright* v. *Ryder, 36 Cal. 342 ;* or a stage-coach, *Pierce* v. *Fuller, 8 Mass. 223 ; Hearn* v. *Griffin, 2 Chit. 407 ;* or to furnish recruits for an army, *Marsh* v. *Russell, 66 N.*

of the stockholders. *Potter on Corp. 130, 131, 132 ; High on Inj.* § *767 ; Boone on Corp.* §§ *148, 149 ; Kean* v. *Johnson, 1 Stock. 401 ; Gifford* v. *N. J. R. R. Co., 2 Stock. 171 ; Beman* v. *Rufford, 6 Eng. Law & Eq. 106 ; Grant on Corp. 290 ; Zabriskie* v. *Hackensack & N. Y. R. R. Co., 3 C. E. Gr. 178 ; Black* v. *Del. & Rar. Can. Co., 9 C. E. Gr. 455.* In a recent case, *Hawes* v. *Contra Costa Water Co., 21 Am. Law Reg. (N. S.) 252,* the supreme court of the United States, in laying down the principles governing the class of cases in which a stockholder of a corporation may maintain a suit in equity in his own name, founded on a right of action existing in the corporation itself, and in which it is the appropriate complainant, recognized the following grounds : Where some action is taken or threatened by the managing board of directors or trustees of the corporation, which is beyond the authority conferred on them by the charter or other source of organization ; or where there is such a fraudulent transaction completed or contemplated by the acting managers, in connection with some other party, or among themselves, or with other stockholders, as will result in serious injury to the corporation or to the interests of the other stockholders ; or where the board of directors, or a majority of them, are acting for their own interest in a manner destructive of the corporation itself, or of the rights of the other stockholders ; or where the majority of the stockholders themselves are oppressively and illegally pursuing a course, in the name of the cor-

---

*Y. 288 ;* see *Skeels* v. *Phillips, 54 Ill. 309 ;* or to keep a hotel, *Mossop* v. *Mason, 16 Grant's Ch. 302, 17 Id. 360, 18 Id. 453 ; McAlister* v. *Howell, 42 Ind. 15 ; Hooper* v. *Broderick, 11 Sim. 47 ;* or a school, *Spier* v. *Lambdin, 45 Ga. 319 ;* or not to start a rival newspaper, *Beal* v. *Chase, 31 Mich. 490.* See *Presbury* v. *Fisher, 18 Mo. 50 ;* or to carry newspapers, *Fallon* v. *Chronicle Co., 1 Mac-Arth. 485 ;* or a contract between a railroad and an elevator company that the latter should handle all *through* grain exclusively, *Richmond* v. *Dubuque R. R., 33 Iowa 432 ;* as to trades-unions, see *Master Stevedores Assn.* v. *Walsh, 2 Daly 1 ; Snow* v. *Wheeler, 113 Mass. 179 ; People* v. *Fisher, 14 Wend. 9 ; Leather Cloth Co.* v. *Lorsont, L. R. (9 Eq.) 345 ; Johnston Harvester Co.* v. *Meinhardt, 60 How. Pr. 168 ; State* v. *Donaldson, 3 Vr. 151 ; Rex* v. *Batt, 6 C. & P. 329 ; Wallsby* v. *Anley, 3 El. & El. 516.*

See, further, *1 Smith's L. C. 172 ; Avery* v. *Langford, Kay 663 ; Gravely* v. *Barnard, 10 Moak 836.*—Rep.

poration, which is in violation of the rights of the other stockholders, and which can only be restrained by the aid of a court of equity. And the court adds that possibly other cases may arise in which, to prevent irremediable injury, or a total failure of justice, the court would be justified in exercising its powers. In the case in hand, the illegal agreement has been made, in behalf of the company, by its president, subject to the approval of the directors and stockholders. The directors have already approved of it. It is true they have provided by resolution for the calling of a special meeting of the stockholders to pass upon it; but the voice of such a meeting could not authorize the project if it be beyond the powers of the corporation. It is enough to warrant the interference of this court to know that it is the admitted intention of the board to execute the illegal agreement, provided the holders of a majority of the stock are favorable to it. The motion to dissolve is denied, with costs.