ELLIS P. EARLE

*v.*

NATIONAL METALLURGIC COMPANY et al.

[Decided May 13th, 1910.]

1. Where a mortgage is executed under the seal of a corporation and signed by its vice president, the burden of showing invalidity because of the lack of an authorizing resolution of the directors is on the party asserting the fact.

2. A corporation cannot attack the execution of a mortgage because of the absence of proof of a formal authorizing resolution of the directors where it had received and used the entire consideration paid to it on the faith of the mortgage.

3. Where a corporation's mortgage was conditioned for the payment of any and all sums due to the mortgagee, together with interest thereon up to the aggregate of $75,000 and interest, and all renewals or extensions thereof, whether represented by notes or otherwise, and the affidavit accompanying it stated that the notes were subject to four renewals for four months each, the affidavit did not limit the lien to any specific number of renewals, but only disclosed the extent to which there was an agreement, so that the mortgage covered all renewals of the debt without reference to the number.

4. Where a chattel mortgage is attacked by the mortgagor's trustee in bankruptcy in the state court, for want of proper registration, the defence is not available unless pleaded in connection with an allegation that the trustee represents creditors within the class authorized to avoid a mortgage on that ground.

5. Bankruptcy act, July 1st, 1898, ch. 541 § 70a(5), *30 Stat. 565* (*U. S. Comp. St. 1901 p. 3451*), vests in the trustee in bankruptcy title to all property of the bankrupt which, prior to the filing of the petition, might have been levied on and sold by judicial process against him.— *Held*, that such section entitles the trustee, if representing creditors, to attack the validity of chattel mortgages on property which under the state statutes, could have been levied on by creditors.

6. Under *2 Gen. Stat. 1895 p. 2334* § *5*, declaring that a recital in the jurat or certificate that an officer taking an affidavit in a foreign state is a notary, and his official designation annexed to his signature and attested under his official seal, shall be sufficient proof that he was a notary, an affidavit signed, "Richard T. Greene, Notary Public, N. Y. Co.," sufficiently showed *prima facie* that it was executed before a notary public.

7. Under section 2 of the act (*2 Gen. Stat. 1895 p. 2333*) regulating affidavits taken before notaries, expressly abolishing the necessity of a seal for certifying affidavits taken within the state, an affidavit purporting to have been taken in New York county, New York, and certified to have been subscribed and sworn to before one who subscribed himself as notary public of New York county, was not defective in New Jersey for want of a seal.

On bill of foreclosure. Heard on bill, answer, replication and proofs.

*Mr. Frederick J. Faulks (Messrs. Lindabury, Depue & Faulks,* solicitors), for the complainant.

*Messrs. McCarter & English,* for the defendant Perkins, trustee in bankruptcy.

EMERY, V. C.

Complainant's bill is filed against the National Metallurgic Company, a bankrupt corporation, and its trustee in bankruptcy, to foreclose a chattel mortgage on personal property of the bankrupt in the possession of the trustee. The corporation makes no defence, but the trustee, in his answer, denies the validity of the execution of the mortgage, and also that the mortgage is a lien on the property.

The bill alleges that the mortgage, with a proper affidavit annexed, as required by the registry acts, was duly recorded, but the answer, while putting complainant to its proof of this allegation, does not expressly deny the validity of the recording,

or set up as a defence to the mortgage any failure to comply with the recording acts, either as to the affidavit or otherwise. At the hearing, however, the validity of the record of the mortgage was attacked by the trustee upon the ground that the affidavit attached was not properly taken or certified under the statute, and it was insisted that the trustee in bankruptcy was, for this reason, entitled to avoid the mortgage as void against creditors. The adjudication of bankruptcy and the appointment of the defendant Perkins as trustee, is admitted by the pleadings, but at the hearing no proof was made that any debts had been proved or claims allowed in the bankruptcy proceedings.

The undisputed proofs show that the mortgage was executed and delivered to complainant on or about October 12th, 1905, to secure advances and loans of money to be made by the complainant to the company, to the extent of $75,000, and that such advances and loans were afterwards made to that amount by the complainant, relying on the security of the mortgage. The mortgage was executed under the seal of the company, and signed in the company's name by King, the vice president and general manager, and the seal was attested by one Elderling, the treasurer. King, by his affidavit attached to the mortgage, deposed to the corporate seal and that it was affixed by authority of the board of directors, and that he signed as vice president by like authority. No resolution of the board of directors authorizing the execution has been proved, and it is now claimed by the trustee that the mortgage is invalid as a lien upon the property of the company purporting to be covered by it, because it was not authorized by a resolution of the directors. *Prima facie,* the mortgage being executed under the seal of the company and signed by its vice president, is valid, and where *prima facie* valid, the burden of showing clearly in any case that the seal was affixed without the authority of the directors, is upon the defendant. *Leggett* v. *New Jersey Manufacturing and Banking Co.* (*Chancellor Vroom, 1832*), *1 N. J. Eq.* (*Saxt.*) *541, 553.* Such clear negative proof has not been made here, and in this case, it is further proved that the company, after the execution of the mortgage, and on the faith of it, received the entire consideration of the mortgage. Under these circumstances, the company can-

not dispute the execution of the mortgage because of absence of proof of formal resolution of the directors. *Hackensack Water Co.* v. *DeKay* (*Court of Errors and Appeals, 1883*), *36 N. J. Eq.* (*9 Stew.*) *548, 553; Reed* v. *Helois Carbide, &c., Co.* (*Vice-Chancellor Pitney, 1902*), *64 N. J. Eq.* (*19 Dick.*) *231, 238; Schultze* v. *Van Doren* (*Vice-Chancellor Pitney, 1903*), *64 N. J. Eq.* (*19 Dick.*) *465, 467.*

A second defence is set up by the trustee to the assertion of any lien upon the property under the mortgage. The mortgage was conditioned for the payment of

"any and all sums of money due or owing by the company to Earle, together with interest thereon up to the aggregate of $75,000, and interest, and any and all renewals and extensions thereof, whether the same be represented by promissory notes or otherwise."

The affidavit to the mortgage states that the notes representing the loan (which ran for four months) were subject to four renewals of four months each, and continued for the full term of . twenty months from the date of the mortgage. The notes, or some of them, not being paid at the end of the twenty months, and being then renewed, it is claimed that the lien of the mortgage does not extend to the renewals. There is no substance in this objection. The mortgage lien expressly covers all renewals, and the affidavit does not limit the lien to any specific number of renewals, but only discloses the extent to which, at the time the mortgage was given, there was an agreement to renew.

The remaining objections to the mortgage relate to its validity as against creditors under the Registry act, and as to these objections, the preliminary points are made on behalf of the complainant—*first,* that this defence cannot be heard because it has not been specially set up and proved, and *second,* that the trustee in bankruptcy stands in the place of the company itself, as to whom the registry is not necessary to the validity of the mortgage.

The first point seems to be well taken, and to be sustained by two decisions of the court of errors and appeals. *National Bank of Metropolis* v. *Sprague* (*1870*), *21 N. J. Eq.* (*6 C. E. Gr.*) *530, 543;* followed in *MacFarlane* v. *Richardson, 56 N. J. Eq.* (*11 Dick.*) *191, 192; affirmed on appeal,* for reasons stated

*(1898), 57 N. J. Eq. (12 Dick.) 346.* As to the second point, the objection is not well founded. The Bankrupt act, section 70*a* (5), vests the trustee in bankruptcy with the title of the bankrupt to all the property of the bankrupt, "which, prior to the filing of the petition, * * * might have been levied on and sold by judicial process against him." This section, as construed by the federal supreme court, the final authority, entitles the trustee, if representing creditors, to attack the validity of the chattel mortgages, which, under the statutes of the state, could have been levied on by creditors. *Security Warehousing Co.* v. *Hand, 206 U. S. 415; Knapp* v. *Milwaukee Trust Co. (October Term, 1909), Adv. Sheets Sup. Ct. Rep. 412, 415.* In this state creditors could have levied on the property if the mortgage was not recorded under the act. I think, however, that if the mortgage is attacked on these grounds in the state court, the trustee, as to the pleadings and proofs essential to raising the defence, is subject to the rules of pleading and evidence in the state courts, and that under our practice, the defence is not available to the trustee, unless by the allegations of his pleadings he brings himself, as representing creditors, within the class as to whom the statute avoids the mortgage, and also proves at the hearing that there are creditors whom he represents as to whom the mortgage is invalid. The rule in this state is that as to some of the creditors represented by a receiver, the unrecorded mortgage may be valid, while as to others it is void. *Roe* v. *Meding (Court of Errors and Appeals, 1895), 53 N. J. Eq. (8 Dick.) 350, 369.*

Assuming, however, that the trustee in bankruptcy is entitled under the present pleadings and proofs to question the validity of the mortgage because of failure to comply with the recording acts, this question may be considered. The objection is that the affidavit does not comply with the Chattel Mortgage act and the act relating to oaths and affidavits, in that it appears to have been taken before a notary public in another state, and the jurat or certificate of the notary is defective in that no official seal is attached. The affidavit of the mortgagor taken as in "State of New York, county of New York, *ss.,*" is certified "Subscribed and sworn to before me this 13th day of October, 1905, Richard T. Greene, Notary Public, N. Y. Co." As to the jurat or certificate

to an affidavit taken before a notary public of another state, the act relating to "oaths and affidavits" provides (*Gen. Stat. p. 2334 § 5*):

"that a recital that he is such notary in the jurat or certificate of such affidavit, and his official designation annexed to his signature, and attested under his official seal, shall be sufficient proof that the person before whom the same is taken is such notary."

But in *Magowan* v. *Baird* (*Court of Errors and Appeals, 1895*), *53 N. J. Eq.* (*8 Dick.*) *656, 658*, it was expressly decided that this provision, as to the evidence, which should be sufficient proof, did not invalidate jurats or certificates which, although they did not contain these recitals, were still, on general principles of law, *prima facie* sufficient, although they might be subject to be disproved, and the certificate to an affidavit subscribed by the notary with his official designation and seal was held to be *prima facie* sufficient, although the recitals specified in the above section were omitted from the certificate. Under this decision, the jurat subscribed by the notary in the present case is *prima facie* sufficient to bring the affidavit within the statute, unless it be necessary to the verification of a foreign notary that the official seal of the notary be affixed. This point was not involved in the *Magowan-Baird Case*, as the official seal was annexed. The venue of the certificate "State of New York, county of New York," is sufficient *prima facie* evidence that the notary was acting in that county in subscribing the jurat. And in reference to the necessity of using a notarial seal on a jurat or certificate made by a notary in the State of New York, in order to make it valid in this state, my conclusion is that it is not now necessary. The requirement of an official seal for certifying affidavits taken by notaries public in this state, is expressly abolished by section 2 of the act. This is an express statutory declaration of the rule or policy of this state in reference to the necessity of certification of documents of this character under the official seal of a notary, and as the only basis for the previous requirement of a seal was the recognition by this state of the general rule, that a notary public, an official recognized by all states and nations of the commercial world, in certifying his acts, whether in this state or elsewhere,

affixed an official seal, the withdrawal of this requirement in this state, as to a particular act or document, changes, so far as this state is concerned, and so far as such documents are concerned, wherever executed, the operation of the general rule recognizing the seal as essential.

Decree will be advised declaring the chattel mortgage a lien upon the mortgaged chattels in the trustee's possession, and for sale of the same to pay the amount due, which may be fixed on settlement of decree.