## WILLIAM R. PAGE

### v.

## ASBURY METHODIST EPISCOPAL CHURCH.

[Submitted November 21st, 1910. Decided December 2d, 1910.]

1. The act for the incorporation of trustees of religious societies is not an act for the incorporation of the societies, but for the incorporation of such trustees, to the end that corporations thus formed may hold the property and funds of the societies in trust.

2. Where the trustees of a religious society have been incorporated, the corporation so formed becomes a simple trustee of the society's funds and property with powers to be exercised subject to the direction of the society, and the society becomes the *cestui que trust* with both *jus habendi* and *jus disponendi*.

3. The manner in which a religious society as *cestui que trust* may appropriately exercise its power of directing its trustees in the acquisition or sale of church property depends upon the established rules and regulations of the particular society.

4. Where a mortgage of church property has been executed by the society's incorporated trustees with the usual forms of a corporation mortgage, signed by the president, and attested by the secretary, whose affidavit, taken by a master in chancery, sets forth that the mortgage was executed pursuant to a resolution of the board of directors, there is a *prima facie* presumption that the mortgage was executed by authority of the board of trustees, and the mortgagor, seeking to resist foreclosure, has the burden of establishing the contrary.

5. Under a bill to foreclose a mortgage against a religious society, evidence *held* to show that the mortgage was the voluntary act of the incorporated trustees of the society.

6. The complainant conveyed property to the defendant religious society, and took a mortgage upon other property of the society then used as a place of worship. After the conveyance to it and the mortgage to complainant, the society enjoyed the exclusive possession and benefit of the property conveyed to it by complainant, collecting rents and applying them to its own uses, paying off the taxes and interest on mortgages outstanding when the property was conveyed, making repairs and constructing a building on the property used as a place of worship, and about two months after the mortgage to complainant empowered the trustees of the society, by a unanimous vote in conference, to mortgage any of its property to secure a valid title to the property purchased.—*Held*, that, though there was no evidence of a previous authority to the trustees to execute the mortgage, the conduct and acts of the society showed a ratification of the mortgage executed by the trustees to complainant, the ratification, there being no intervening rights, relating back to the date when the mortgage was executed.

On bill to foreclose mortgage. Heard on bill, answer, replication and proofs.

*Messrs. Bolte & Sooy,* for the complainant.

*Mr. John J. Crandall,* for the defendant.

Leaming, V. C.

It is well settled in this state that the act for the incorporation of trustees of religious societies is not an act for the incorporation of the religious societies, but is an act for the incorporation of the trustees of such societies to the end that the corporations thus formed may hold the temporalities of such religious societies

in trust. The corporation thus becomes a trustee of the church property and the religious society the *cestui que trust.* The trust under which such an incorporated board of trustees holds is held to be essentially a simple trust in which the corporation trustee holds as a mere depositary of property, while the religious society, as *cestui que trust,* has both the *jus habendi* and *jus disponendi.* The corporation trustee is thus constituted a mere agency or medium through which property of the society may be acquired or transmitted by succession or by sale, and the power of purchase and sale given by the statute to the corporation trustee is a power for that purpose only, and is, in consequence, a power to be exercised only subject to the direction of the religious society as *cestui que trust.* The manner in which a religious society, as *cestui que trust,* may appropriately exercise the power of directing its trustee in the acquisition or sale of church property depends upon the established rules and regulations of the particular society. In *Morgan* v. *Rose,* 22 *N. J. Eq.* (*7 C. E. Gr.*) *583, 588,* it is stated that whether the power to give such direction resides in the whole congregation, or in particular members, or in special officials, depends, in each instance, on the established usages or express regulations of the individual congregation or of that wider ecclesiastical organization of which such congregation is a branch. The foregoing views touching the limited character of the trust under which church property is held by trustees incorporated under the act referred to, are fully defined in *Morgan* v. *Rose, supra,* and have been followed in *Worrell* v. *Presbyterian Church,* 23 *N. J. Eq.* (*8 C. E. Gr.*) *96,* and *Everett* v. *First Presbyterian Church,* 53 *N. J. Eq.* (*8 Dick.*) *500.*

The mortgage which is now sought to be foreclosed has been executed with the usual form and solemnity of a corporation mortgage. The name of the corporation is signed by its president and the seal of the corporation by him affixed and attested by the secretary. The execution of the mortgage is duly proved by an affidavit of the secretary endorsed thereon by a master in chancery, which affidavit sets forth, among other things, that it was executed pursuant to a resolution of the board of directors. This raises a *prima facie* presumption that the mortgage was

executed by authority of the board, and casts upon defendant the burden of establishing the contrary. *Leggett* v. *New Jersey Manufacturing and Banking Co., 1 N. J. Eq. (Saxt.) 541, 550; Manhattan Manufacturing Co.* v. *N. J. Stock Yard Co., 23 N. J. Eq. (8 C. E. Gr.) 161; In re West Jersey Traction Co., 59 N. J. Eq. (14 Dick.) 63, 64; Reed* v. *Helois Carbide Specialty Co., 64 N. J. Eq. (19 Dick.) 231, 233; Earle* v. *National Metallurgic Co., 76 Atl. Rep. 555, 556.* The minute book of the trustees contains a resolution specifically authorizing the execution of the mortgage in question. Evidence was introduced tending to show that this resolution was not passed by the board with the formalities which are appropriately attendant upon official actions of a board; but I think it plain that the evidence, both presumptive and direct, to the effect that the trustees authorized the execution of the mortgage in question has not been overcome. The mortgage must therefore be treated as the voluntary act of the corporation trustee.

As already stated, the power to execute the mortgage resided in the statutory trustee; the power to authorize the trustee to exercise its power resided in the *cestui que trust.* The answer sets forth the provisions of 326 of the church discipline to the effect that the trustees shall in no case mortgage or encumber church property for the current expenses of the year, and also section 335 of the discipline relating to necessary assent of the quarterly conference in certain cases, and avers that the church was not indebted to complainant for current expenses and that no application was made to the quarterly conference to obtain leave to make the mortgage, and that no proceedings were ever had to authorize or empower any person or agency to encumber the church property.

The important inquiry is, therefore, whether the religious society, as *cestui que trust,* authorized the corporation trustees to execute the mortgage now sought to be foreclosed.

No provisions of the discipline or rules or customs of the church have been brought to my attention which in any way restrict or limit the manner in which the society shall exercise its authorization to the trustees, except the two provisions of the

. discipline referred to in the answer. The former is inapplicable, because the mortgage in question was not executed for current expenses of the church. By the latter provision there is delegated to the quarterly conference certain powers which are apparently designed to bestow upon that body the power to give or withhold its consent to the sale of church property.'

The mortgage in question arose as follows: Complainant conveyed to the church society a lot of land known as 1713 Arctic avenue for a consideration of $8,000, on which mortgages existed to the amount of $7,088. Of the $912 which was thus due to complainant, $212 was paid in cash and the balance of $700 was secured by the mortgage in question. The mortgage does not cover the property which was conveyed to the church, but is on other property then occupied by the church as its place of worship.

No evidence exists of any authorization of this transaction having been given by the church society to the trustees prior to the execution of the mortgage. If the mortgage is to be sustained it must be because of its subsequent ratification by those who were capable of giving a prior authorization.

The mortgage was given December 12th, 1908. The property which was conveyed to the society as the consideration of the mortgage has since been in its possession, through its trustees, and the society has thus enjoyed its exclusive possession and benefits. The rents have been collected from tenants occupying a building on the property and applied to church uses; taxes and interest on the mortgage, which were outstanding against the property when conveyed, have been paid from the church funds and repairs have been made. A tabernacle has been erected on the rear of the property and has been used and is being used by the church as a place of worship.

It thus appears that the property which formed the consideration of this mortgage was obtained by the trustees for the use of the society, and the society has since that time enjoyed the entire use and benefit of it. At a meeting of the quarterly conference held February 1st, 1909, about two months after the mortgage was executed, the following resolution was unanimously adopted:

"On motion it was unanimously ordered that the trustee board be empowered to sell, mortgage or exchange any or all of the property owned by Asbury M. E. Church so as to secure a valid title to the property 1713 Arctic Ave. for the use and benefit of Asbury M. E. Church, Atlantic City, N. J."

This minute also discloses that the district superintendent and pastor were present; the vote, if unanimous as stated, necessarily included their assent.

Under the evidence adduced I am unable to doubt the sufficiency of the ratification of the act of the trustees in executing the mortgage in question; and, as there are no intervening rights, the ratification inures to the date of the act ratified. The resolution of the quarterly conference was undoubtedly an unskillful attempt at express ratification and should be given whatever force could have existed in an original authorization. So far as the society is concerned its conduct equally manifests a ratification, for it is impossible to contemplate the society in the enjoyment of the very consideration of the mortgage as a *place* of worship without an approval of the act of the trustees in supplying it. It must be borne in mind that the defence is not based upon want of power of the trustees to execute a mortgage, but it is in substance want of consent upon the part of those in interest for the trustees to exercise the power; that consent has, in my judgment, been sufficiently given.

The case of *Scott* v. *Methodist Church of Jackson, 50 Mich. 528,* is in point. In that case, under an assumption that the statute required that before a mortgage could be executed by the trustees, the voting members of the church should by a two-thirds vote, at a meeting called for the purpose, vote to authorize the execution of the mortgage, the court held a mortgage given by the trustees without such preliminary vote of the church members, would be sustained as ratified by the church membership by acts of recognition or acquiescence or acts inconsistent with repudiation or disapproval.

I will advise a decree for complainant for the amount due on his mortgage.