The bill of complaint was filed by three individuals on behalf of themselves and all other members of Union Baptist Church of Morristown who desire to join. The bill alleges that the church is a body corporate under the laws of this state and that complainants are members thereof. The sole defendant is the pastor of the church and the bill charges him with receiving and appropriating to his own use, and refusing to account therefor, money realized for the benefit of the church from the production, in moving picture form, of a religious play which was the property of the church and with having purchased real property with such money. The bill prays for discovery and accounting by defendant and a decree that he holds in trust for the church all real property purchased with said money. *Page 218 
Defendant moves to strike the bill on the ground that complainants are improper parties and have no interest in the cause because suit for the alleged cause of action should be in the name of the church and on the further ground that the suit was not authorized by the proper officers or trustees of the church.
If the defendant is liable to account, the money for which he should account belongs to the church corporation and the suit for recovery of such money should be brought ordinarily in the name of the corporation and not in the name of individual members of the church society or congregation. I consider that the complainants' relation to the corporation is much the same as the relation of individual stockholders to a corporation organized under our General Corporation Act and it is settled that such a stockholder has no status to file a bill to enforce a strict right of his corporation, unless he first applies to the governing body of the corporation to bring the action, or unless it is apparent that if such application was made it would be denied (Groel v. United Electric Co., c., 70 N.J. Eq. 616;Toothe v. Dozier, 96 N.J. Eq. 601), and it also seems settled that a church corporation is a necessary party to any action in which it has an interest. Morgan v. Rose, 22 N.J. Eq. 583.
The bill of complaint contains no averment that application was made to the church corporation to bring this action, nor does it appear from anything contained therein that such an application would be futile. If the corporation refuses to join as party complainant it should be named as a defendant. I shall, however, not strike the bill but will stay proceedings thereunder until by a proper pleading the necessary facts are alleged which will justify allowing complainants to proceed with the cause of action in their own names.
It does not appear from the bill when or under what statute the Union Baptist Church was incorporated. If subsequent to the date the New Jersey Statutes Annotated were adopted and became effective, it was probably incorporated under title 16 of those statutes, chapters 1 or 2, in which event it would seem that the board of trustees is the corporation and holds the temporalities of the organization in trust for the members *Page 219 
of the church society or congregation as cestuis que trust.Morgan v. Rose, supra; Page v. Asbury, c., 78 N.J. Eq. 114.
If the church organization was incorporated prior to the adoption of the New Jersey Statutes Annotated, the incorporation was probably under Comp. Stat. p. 4307 §§ 1 et seq. If undersections 1 to 47g, inclusive, it would seem that the above cited cases hold that the board of trustees is the corporation but if the incorporation was under sections 48 to 62,inclusive, as amended by section 173-48 of Cum. Supp. Comp.Stat. p. 2972, it would seem (section 49) that "the members of said church and their successors shall be and thereafter continue to be a body politic and corporate, in fact and in law, by the name so adopted" and shall by such name be capable of acquiring property with the right (section 3) to sue and be sued in any court of law or equity, while (section 51) the board of trustees has merely the care, custody and oversight of church property.