## WALLACE WILSON

### *v.*

## AMERICAN PALACE CAR COMPANY et al.

[Filed February 13th, 1903.]

A bill by a stockholder of a foreign corporation will lie against the corporation and others, where it could have sued as complainant in its own name; is a necessary party to the suit, and is made defendant only because controlled by the officers and directors, whose dealings with its assets are questioned by the bill.

On bill and plea to jurisdiction.

*Mr. Robert H. McCarter,* for the plea.

*Mr. Edward Q. Keasbey,* for the complainant.

EMERY, V. C.

The bill in this case is filed by a stockholder of the American Palace Car Company (a Maine corporation) against a New Jersey corporation by the same name, against individual defendants, resident in New Jersey, and also against the Maine corporation; against a New York corporation of the same name and against defendant Denham. The Maine corporation, the New York corporation and Denham have filed a plea to the jurisdiction.

The bill, in its general aspects, is that of a bill filed by a stockholder of the Maine corporation, in the right of the company, and as representing its rights, to set aside a transfer of the assets of the company made to the New Jersey company, which assets, it is alleged, are to be, either wholly or in part, further transferred to the New York company, by the aid or contrivance of the defendant Denham, one of the officers of the New Jersey company. The transfer is alleged to be a fraud upon the Maine company and its stockholders. The plea to the jurisdiction is based upon the claim that neither the Maine corporation nor the New York corporation has been found within the state, nor served with process herein; that they transact no business here, have no place of business or agency here, and that the subject-matter of the suit is not within this state.

There can be no question that the Maine corporation could sue as complainant and in its own name upon the equitable right set up in this bill. The suit is really a suit on behalf of the Maine company, and that company is a necessary party to a suit of this character, and the only reason it is made defendant instead of complainant, is because the company itself is controlled by the officers and directors, whose dealings with its assets are questioned by the bill. The general right and obligation of a stockholder in such representative suit to make the company he assumes to represent, and whose rights are the subject for adjudication, a defendant to the suit, is clear; and if the company thus represented by complainant had been a New Jersey company, no question as to jurisdiction could have been raised.

In these cases of representative rights, the company represented, although made formally a defendant, is strictly and properly the real complainant, and in matter of form could properly be made complainant. This is the usual practice in England. *Duckett* v. *Gover, 6 Ch. Div. 82, 85 (Jessel, M. R., 1877)*. If the company applies to strike out its name as complainant the court will allow it to be made a defendant.

In this country the company represented is usually made defendant in the first instance, where the defendants or officers, whose dealings on behalf of the company are attacked, and they also control the company's action or defence.

In the present case, had I considered that there was an insuperable technical difficulty in making the Maine company a defendant, by reason of the impossibility of serving process or bringing the company into court, I should be inclined to direct that it be made a party complainant instead of defendant. But as the decree in the cause, if it should finally go for complainant, would be a decree in favor of the Maine company, I consider that company as now substantially the complainant in the suit, and that its plea to the jurisdiction cannot be sustained, except upon the theory that as against New Jersey defendants, whether individual or corporate, the stockholders of a foreign corporation cannot prosecute the company's rights in any case without the consent of those who, for the time being, control the company's formal appearance and defence. This would lead often to great inequity and injustice, and I am not willing to adopt such a rule.

As to the New York corporation, which is alleged to claim under the New Jersey corporation, if the complainant is entitled to a decree against the New Jersey corporation, the question whether a decree shall be made against the New York corporation, and to what extent, if that corporation does not appear, must be left for future decision. There is clearly no objection to giving the New York corporation an opportunity to come into the suit, if it desires to do so, and for this purpose to serve by publication.

The same reasons apply to the defendant Denham's plea. The plea will be overruled.