ADAM H. GROEL

*v.*

UNITED ELECTRIC COMPANY OF NEW JERSEY et al.

[Decided October 2d, 1905.]

1. The proper office of a plea in equity is to reduce the case to a single point, and if the defendant intends to traverse the facts of the bill, and to set up a different state of facts, covering the entire subject-matter at issue, it cannot be done by a plea, but should properly be by answer.

2. Where a stockholder sets up that approximately $20,000,000 of stock as a secret profit was made by the promoter out of the incorporation of

the company of which complainant is a stockholder, and he sues the promoter and joins his company, which has refused to bring the suit, and the corporation files a plea that it deems it inexpedient to bring the suit, the only point raised thereby is whether the directors may prohibit a stockholder from bringing such suit if in the judgment of the board it is inexpedient; but the facts set up in the bill are not traversed by the plea.

3. A stockholder of a corporation is entitled to sue on its behalf, joining the corporation as a defendant, to recover secret profits made by promoters, the corporation, after demand, having wrongfully refused to sue.

4. *Quære.* Whether, in a suit by a stockholder for the benefit of the corporation, the latter, instead of being made a defendant, should not be joined as a complainant; and if it desires to raise the question of the right of the stockholder to bring the suit, whether it should not do so by petition?

The complainant is a stockholder of the United Electric Company of New Jersey, and sues for himself and all other stockholders of said company.

The bill charges that the United Electric Company was incorporated on the 4th day of March, 1899, with an authorized capital stock of $20,000,000; that said company was organized and promoted by the United Gas Improvement Company of Pennsylvania, the other defendant in this suit; that the incorporators were the agents of the United Gas Improvement Company, and were subsequently made directors of the defendant company; that simultaneously with the incorporation of the United Electric Company, the United Gas Improvement Company, through the Fidelity Trust Company, of Newark, New Jersey, as its agent, made an offer to the holders of the capital stock of a large number of corporations in New Jersey engaged in furnishing electric light, heat and power; that said offer was to purchase from such holders their stock in such subsidiary companies by paying them in bonds of the United Electric Company out of an authorized issue of $20,000,000 of such bonds, the terms of the exchange varying with respect to the stock of the different subsidiary companies; that the complainant was a holder of stock of the People's Light and Power Company, and the offer made to his company was to pay to each holder of $1,000 of such stock $1,750 in such bonds, provided he would pay, in addition, $200 in cash.

The United Gas Improvement Company also agreed to guarantee the payment of the interest upon the bonds for a period of five years, and to turn into the treasury of the United Electric Company the cash payment just mentioned.

Further, in said offer, it was stated that the United Gas Improvement Company owned the control of the stock of the United Electric Company, and that it agreed to sell to the stockholders of the People's company, who availed themselves of said offer, stock in the United Electric Company to the amount of twenty-five per cent., at par, of their holdings of People's stock, to be paid for by such stockholders at the rate of $30 per share.

That said offer to sell their stock in the subsidiary companies was accepted by substantially all of the holders in said companies, and many of such also availed themselves of the offer to purchase stock of the United Electric Company at $30 per share, and paid their money; that among those doing so was the complainant.

That after this the United Gas Improvement Company caused its agent, the Fidelity Trust Company, to deliver to the United Electric Company all the shares of the capital stock of the subsidiary companies which had been deposited with it, and the cash received by it on account of the bonds, and caused the United Electric Company, through its dummy directors, who were agents of the United Gas Improvement Company, to issue and deliver to the United Gas Improvement Company $20,000,000 of its bonds and $20,000,000 of its stock, nominally in exchange for and payment of the capital stock of such subsidiary companies, and for the money paid by the stockholders of such subsidiary companies on account of the bonds of the United Electric Company, and thereupon the Fidelity Trust Company delivered the bonds to the holders of the stock of the subsidiary companies in pursuance of the agreement, but the United Gas Improvement Company kept for itself the entire capital stock of the United Electric Company, or the proceeds of so much of the same as had not been purchased and paid for by the stockholders of the subsidiary companies; that this was done without giving any consideration for the same to the United Electric Company, and without disclosing to the stockholders of the sub-

sidiary companies who had subscribed for the stock of the United Electric Company the profit thus made by the United Gas Improvement Company.

That the complainant was in ignorance of the fraud thus charged until just before the filing of the bill; that he addressed a communication to the president and directors of the United Electric Company requesting the company to bring an action for the recovery of the unlawful and secret profits alleged to have been made by the United Gas Improvement Company, and that the board of directors of the United Electric Company passed a resolution to the effect that they did not deem it advisable to bring such a suit, and that the decision of the directors not to bring the said suit was unwarranted, unjustifiable and in disregard of their duty, and was not made in the interest of the United Electric Company, but in the interest of the United Gas Improvement Company.

To this bill the United Electric Company files a plea, in which it admits that there was a demand in writing made upon the president and directors as set forth in the bill; that said demand was laid before the directors at a meeting held on the 22d of September, 1903; that a committee of four of its members was appointed to examine the matter and report thereon; that said committee did examine, heard the counsel for the complainant, and on the 29th day of September, 1903, made a report to the board of directors, a copy of which report is attached to and forms part of the plea; that the directors, upon receiving the report and being satisfied that it was correct, decided that it was inexpedient to begin or prosecute the proposed suit, and adopted a resolution, a copy of which is attached to and forms part of the plea, whereby it was determined, for the reasons stated in said report and recited in the preamble to said resolution, that no suit should be brought by this defendant, or on its behalf, against the United Gas Improvement Company upon the alleged claim against the United Gas Improvement Company mentioned in the demand served by the complainant.

With this plea there was filed a supporting answer, in which it is denied that the decision of the directors not to bring the suit was unwarranted, unjustifiable and in disregard of their

duty, as charged in the bill; but, on the contrary, that such decision was rendered in good faith, and, in the judgment of the directors, was for the best interest of the defendant.

*Mr. Edwin G. Adams,* with whom was *Mr. Nathan Bijur* (of the New York bar), for the complainant.

*Mr. Frank Bergen,* for the defendants.

GARRISON, V. C.

From the above statement of the contents of the pleadings, it will appear that the following excerpts from the brief of counsel for the defendants correctly define the issue:

"The bill in this case was filed to compel the United Gas Improvement Company to account to the United Electric Company of New Jersey for the profits alleged to have been made by the gas company secretly in the promotion of the electric company. The gas company and the electric company are named in the bill as defendants, but it is obvious that the gas company is the only defendant against which a decree can be made. The electric company was made a party as required by the practice in cases where a stockholder is permitted to bring suit to enforce a claim which the company should have prosecuted voluntarily.   *   *   *

"The electric company filed the plea for the reasons stated therein, and in the schedules thereto annexed, and insists that as it thinks the bringing of such a suit is inexpedient, all things considered, it has a right to prohibit any stockholder from doing so who differs with the judgment of its board of directors on that subject."

Passing the question of whether a defendant, circumstanced as this one is, should be permitted to raise this issue in this way (a subject to be adverted to later), I will deal with the issue as made by the present pleadings.

The true rule to be applied by the court in cases upon bill and plea was, I believe, correctly stated in the case of *Groel v. United Electric Company of New Jersey, 69 N. J. Eq. 407,* as follows: "It needs no citation of authority to establish the principle that, in a hearing upon a bill and plea, the court takes the uncontradicted parts of the bill and the allegations of the plea as verities, and decides, according to the right, upon the case thus presented."

Applying that rule to the case in hand, we have a bill setting forth a cause of action against a promoter for profits secretly obtained by him, to which bill a plea is filed, which does not deny the facts as pleaded in the bill and does not set up another state of facts different from those pleaded in the bill, but alleges that the corporation from which the profit was obtained has determined by its board of directors, acting in good faith, that it is not expedient for it to bring a suit for the recovery of the money.

I think it sufficiently appears, both from the citation from the defendant's brief and from an examination of the pleadings, that the plea amounts to no more than this. It certainly does not plead any facts in denial of the charges of the bill, and it certainly does not set forth any different state of facts. It does refer to a report made by a committee of the board of directors to the directors, but it does not plead that the statements of facts set forth in that report are true.

In my view, if the complainant had filed a replication to this plea and issue had been joined upon the facts, the defendant, to succeed, would not have been required to have done more than to have proven the truth of its allegations that its directors met, appointed a committee, which committee heard counsel for the complainant in this action, and made a report, and that such report was received by the directors, and that believing that such report was correct (whatever meaning may be given to the word "correct"), adopted a resolution that in their view it was in-inexpedient to bring such a suit.

If the defendant had really sought to put in issue the truth of the facts set forth in the bill, or had sought to plead that there were certain facts not pleaded in the bill which defeated the complainant's recovery, it should have framed its pleadings accordingly, and by appropriate allegations raised those issues. If it had intended to plead that the statements of fact contained in the report of the committee were facts, and that they defeated complainant's recovery, it should have pleaded such facts.

But I think it is entirely clear that if the defendant intended to traverse the facts of the bill, and to set up a different state of facts covering, as it would in this case, practically the entire

subject-matter at issue, it could not properly do so by plea. Such a defence should properly be made by answer; if put into a plea, the court would, at most, only permit the plea to stand as an answer.

The proper office of a plea is to reduce the cause to a single point. *Dan. Ch. Pr. (6th Am. ed.) *603.*

If the plea in this case is to be construed as a direct traverse of the facts constituting the complainant's cause of action, and an allegation of other facts which defeat complainant's recovery, together with an allegation of good faith on the part of the directors in deciding that it was inexpedient to bring the suit, then, in my judgment, it sets up a defence which should be by answer, and not by plea.

To properly determine the issues presented by the plea construed as suggested, it would be necessary to determine the whole merits of the controversy—that is, whether or not the promoter did make a profit; whether it was secret; the relations of the parties at the time of the promotion, and their subsequent relations—and numerous other questions which ought not to be settled upon a plea.

If, however, the plea is treated as I think it should be, namely, as reducing the case to a single point, I think that point can be clearly defined. In fact, it has been clearly defined by the counsel for the defendant.

A stockholder sets up that approximately $20,000,000 of stock as a secret profit was made by the promoter out of the incorporation of the company of which he is a stockholder. He sues the promoter and joins his corporation, which has refused to bring the suit, to recover the $20,000,000 of stock. His corporation responds that it deems it inexpedient to bring the suit. The single point is whether a board of directors may prohibit a stockholder from bringing a suit in behalf of the corporation to recover moneys secretly made by a promoter out of the incorporation of the company, if, in the judgment of the board, it is inexpedient to bring such a suit.

There can be no question that promoters are liable to the corporation for profits secretly made by them in its promotion, and that such liability arises in cases where future allottees of

stock are concerned. *Knoop* v. *Bohmrich, 49 N. J. Eq. (4 Dick.) 82* (*Vice-Chancellor Van Fleet, 1891*); *Plaquemines Tropical Fruit Co.* v. *Buck, 52 N. J. Eq. (7 Dick.) 219* (*Vice-Chancellor Green, 1893*); *Loudenslager* v. *Woodbury Heights Land Co., 58 N. J. Eq. (13 Dick.) 556* (*Court of Errors and Appeals, 1899*), affirming the principle established in the court of chancery in *Woodbury Heights Land Co.* v. *Loudenslager, 55 N. J. Eq. (10 Dick.) 78* (*Vice-Chancellor Pilney, 1896*).

There can be likewise no question that where the corporation refuses to bring a suit stockholders may sue in its behalf, joining it as a defendant.

It is true that courts will not interfere, as a rule, with the management of corporations by the directors thereof when they are acting within their powers and in good faith. But whether the directors are acting in good faith and as honest, diligent trustees, or not, will be inquired into by the courts at the instance of stockholders in cases like the present.

"A stockholder has no standing in the court to prosecute such an action except on the refusal of the directors, either actual or presumptive, to prosecute. But such refusal of the directors to prosecute must be an unjustifiable refusal." *Willoughby* v. *Chicago Junction Railways Co., 50 N. J. Eq. (5 Dick.)* at *p. 667* (*Vice-Chancellor Green, 1892*).

In discussing those cases in which no application need be made, our court of errors and appeals has held that the suit may be maintained without any application where the interest or bias of the directors makes it certain that, if it was made, it would be denied. *Appleton* v. *American Malting Co., 65 N. J. Eq. (20 Dick.)* at *p. 377* (*Court of Errors and Appeals, 1903*).

In the case of *Kessler* v. *Ensley Company, 129 Fed. Rep. 397* (at *p. 400*), the court said: "Of necessity, then, the governing body, in every *intra vires* matter, has a discretion to determine what action to take on the stockholder's request to sue, and when the stockholder comes into court the first question it must determine is whether that discretion has been properly or improperly exercised."

The supreme court of the United States reviewed the previous decisions concerning this matter, and announced the true rule

in the case of *Corbus v. Alaska Treadwell Gold Mining Co., 187 U. S. 455; 47 L. Ed. 256:*

"This court will examine the bill in its entirety and determine whether, under all the circumstances, the plaintiff has made such a showing of wrong on the part of the corporation or its officers and injury to himself as will justify the suit." And it likewise quoted with approval the following language: "The circumstances of each case must determine the jurisdiction of a court of equity to give the relief sought."

Viewing this case in the light of the principles which must be applied to it, and of the authorities which have been quoted, can it be said that the directors have shown justification for refusing to bring a suit to recover approximately $20,000,000 of stock improperly obtained by a promoter?

Would it not clearly be held by any court to be a breach of trust for directors to neglect or refuse to recover, or seek to recover, such an amount of stock improperly obtained from it by a promoter?

It is perfectly clear that if the complainant sets forth a good cause of action, and there is a right in the corporation to recover $20,000,000 of stock from the promoter, it is a clear breach of trust on the part of the directors not to proceed to recover the same.

For them to reply that it is by them deemed inexpedient to do so is only to emphasize the breach of trust they are committing by not doing so.

I am aware that counsel for the defendant argues that their unwillingness to bring the suit, and that which in their judgment makes it inexpedient to bring the suit, proceeds from their view that the suit cannot succeed. I think I have sufficiently expressed my idea that this issue is not present before me for determination. If, on the face of the bill, it appears that the complainant cannot succeed, then demurrer is the proper remedy. If the bill, however, does set up a good cause of action, then, as I have already pointed out, the plea does not set up any other facts excepting the passage by the directors of a resolution refusing to bring the suit because in their judgment inexpedient.

There was much argument before me upon issues which I do not find in the case, the defendant contending that it had sufficiently shown that the suit ought not to be brought because it could not be successful, and the complainant replying that the statements in the report of the committee, as incorporated into the plea, show clearly that there is a cause of action, and that the defendant has not, on the merits, shown any reason why the suit should not be brought. I do not stop to consider these questions for the reasons given. I find that the complainant sets out a cause of action, and that the defendant replies by plea that it deems it inexpedient to bring a suit for this cause of action, and that the complainant, its stockholder, is precluded by reason of this fact.

I find that the principle to be applied is that the stockholder may appeal to the discretion of the court in this respect, and upon considering the whole case, I do not think it appears that the defendant was justified in refusing to bring the suit, with the result that the complainant may proceed, and the plea must be overruled.

Adverting now to the question suggested at the commencement of this opinion, I have grave doubt whether a defendant, circumstanced as this one is, should be permitted to raise the issue of the right of the complainant to bring the suit in behalf of the corporation by filing a plea or answer denying that right.

By reference to the early cases upon the subject of suits of this character it appears that the corporation is only made a defendant because it would not be complainant, and that the suit is entirely for its benefit, and that it is required to be made a party so that the subject-matter may be *res adjudicata* as to it. *Robinson* v. *Smith, 3 Paige Ch. 222; Davenport* v. *Dows, 18 Wall. 626; 21 L. Ed. 938; Hawes* v. *Oakland, 104 U. S. 450; 26 L. Ed. 827.*

The corporation thus made a defendant may, I think, properly be termed the "formal defendant," while the other defendant, from whom a recovery is really sought, may properly be termed the "actual defendant."

The actual defendant may always question the right of the complainant to bring a suit against such actual defendant on behalf of the corporation of which such complainant is a stockholder. The authorities hold that it is a matter of discretion in the court whether to permit a suit to be brought by a stockholder on behalf of his corporation, and that the court will exercise its discretion, having in view the circumstances of the parties, their relationship to each other and to the cause of action, the refusal to sue, &c.

The real meritorious question in each case, however, is between the formal defendant and the actual defendant, although the machinery for bringing the case into court is set in motion by the complainant.

The formal defendant should have the right to object to and to question the power of the complainant to bring a suit in its behalf, but I do not think that the form in which it should raise this objection should be by plea or answer or demurrer.

In the English practice the corporation in whose behalf the suit is brought is made a party complainant. If the corporation thus made a party complainant objects by petition, it is eliminated as a complainant and is made a defendant. *Duckett* v. *Gover,* 6 *Ch. Div.* 82, 85 (*Master of Rolls Jessel, 1877*); *Wilson* v. *American Palace Car Co.,* 64 *N. J. Eq.* (*19 Dick.*) 536 (*Vice-Chancellor Emery, 1903*).

If we should adopt a practice by which the formal defendant should raise its objection by a petition setting forth such facts as it thought relevant, and giving the reasons why it thought the complaining stockholder should not be permitted to prosecute a suit in its behalf, the court could, upon such an issue, properly determine the only question that ever should be permitted to be litigated between the formal defendant and the complainant without in any way interfering with the real, meritorious issue against the actual defendant.

I will advise an order overruling the plea.