*10 Buch.* Goodbody *v.* Delaney.

MARCUS GOODBODY et al.

*v.*

ORDENER J. DELANEY et al.

[Submitted May 14th, 1912. Decided June 14th, 1912.]

1. Where a replication is filed without objecting to the answer, it will be assumed that defendant answered fully all of the allegations of the bill in accordance with the course and practice of equity.

2. A suit by stockholders on their own behalf and on behalf of all other stockholders similarly situated on a cause of action in favor·of the corporation is a suit on behalf of the corporation, and a decree adjudicates the rights of the corporation, and, after the institution of the suit, no other stockholder may prosecute a similar suit in his own name for the same cause of action.

3. Where defendant fully answered the bill and claimed the benefit of the facts as if demurred to, the demurrer, so far as it relies on facts stated in the bill which have been answered. must be considered as overruled by the answer, and the questions of law raised by it must be determined at the final hearing on the facts disclosed by the evidence in support of the answer.

4. Where the disqualification of a stockholder, suing on his own behalf and on behalf of all other stockholders similarly situated on a cause of action in favor of the corporation, appears on the face of the record, the question may be raised by demurrer, but, where it does not so appear, it can only·be raised by answer or by a proper amendment to an answer already filed.

5. Stockholders brought a suit, on their own behalf and on behalf of others similarly situated, on a cause of action in favor of the corporation. Defendant answered the bill fully and claimed the benefit of the facts as if demurred to. Subsequently other stockholders, claiming to be similarly situated with complainants, were admitted as parties complainant, and defendant demurred to the bill as prosecuted by such other stockholders.—*Held*, that the answer overruled the demurrer and it must be suppressed for irregularity.

6. A defendant in an action by stockholders, suing on a cause of action in favor of the corporation, may question the standing of other stockholders admitted as complainants after the making of the issues between the original parties. and the omission in the order admitting such other stockholders to give defendant such right does not prevent his questioning their qualifications by way of amendment to the answer. but the amendment must be strictly confined to the qualifications of such other stockholders.

27

*Mr. John B. Humphreys,* for the, motion.

*Mr. Samuel H. Richards, contra.*

HOWELL, V. C.

This is a motion to suppress a demurrer on the ground of irregularity. The original suit was brought by Marcus Goodbody and William U. Goodbody as stockholders of the Fisheries Company for the purpose of litigating a cause of action which they claim in their bill runs in favor of the company. The suit was brought not only on their own behalf but on behalf of all other stockholders similarly situated with them who might come in and contribute to the expenses of the suit.

The principal defendant, or the defendant against whom the principal proceeding is, Delaney, chose to answer the bill, and inasmuch as a replication was filed without objection to the answer, it will be assumed that he answered fully all of the allegations in accordance with the course and practice of this court. The cause was then referred to a vice-chancellor; considerable testimony has been taken before him on the part of the complainant, in fact they say that they have nearly completed their principal case. At this point fifty-two persons claiming to be stockholders of the company, and to be similarly situated as such stockholders with the complainants, applied for leave to be admitted as parties complainant to the suit. The application was made, heard and granted *ex parte,* and an order was made admitting them as parties complainant. Among the parties who were thus admitted were Shepard, Canda, Goodkind and Aron.

A motion was made to discharge the order admitting these fifty-two complainants as improvidently made, on the ground that the petition and other moving papers failed to show that they had authorized the application therefor. This motion was denied, whereupon the defendant Delaney filed a demurrer to the bill as prosecuted by Shepard, Canda, Goodkind and Aron, four of the newly-admitted defendants.

Delaney, by his answer, had prayed that he might have the benefit of the facts set out in such answer by way of demurrer

for reasons stated in that behalf in the answer. For causes of demurrer to the bill as exhibited by Shepard, Canda, Goodkind and Aron, he alleges the same causes that he had previously set out in his answer. The demurrer was filed without the consent of the complainant or the leave of the court, and motion is now made to suppress it for irregularity or in the alternative to strike it out as frivolous. At the time of the filing of the demurrer it was noticed for argument and duly set down for argument at the present May term of the court. The present motion was noticed and argued prior to the opening of the term.

The decision of this motion requires some consideration of the character and scope of the original suit. As has been stated, it was brought by stockholders not only on their own behalf, but also on behalf of all other stockholders who might be similarly situated with them, upon a cause of action running in favor of the corporation against the defendants, and therefore belongs to that class of suits which are known as representative suits. The corporation and all the stockholders who are affected by the cause of action as the complainants are, are represented in the suit by the complainants. They are proceeding in behalf of the corporation only because the corporation either refuses to sue or because the directors and officers who are charged by the bill with fraud upon the company are disqualified thereby from conducting the litigation. The stockholders do not sue in their own right, but in the right of the corporation and the use of the names of stockholders as complainants is mere procedure and belongs not to the substantitive law of the case, but to the pursuit of the remedy in favor of the corporation. Every stockholder who stands in the same relation to the alleged fraudulent action with the complainants is entitled to aid in the prosecution of the suit if he chooses. After a suit of this character shall have been begun, no other stockholder will be permitted to prosecute a similar suit in his own name for the same cause of action, but subsequent suits will be stayed until there shall have been a decree in the prior suit; and it is quite possible that if such similar suit were brought in the same court with the prior suit a plea of former action pending would be sustained. The only recourse, there-

fore, which the other stockholders have, is to unite under the invitation of the complainant in aiding the prosecution of the first suit, for the reason that there can be but one decree against the defendants if the complainants are successful. Such decree will provide for the recovery, not by the complainants, but by the corporation, of the moneys which the complainants may be able to prove under the allegations of the bill to be owing by the defendants to the corporation. The suit therefore in contemplation of equity is a suit in favor of the corporation, with the corporation and its innocent stockholders ranged on one side and the guilty officers and directors ranged on the other. The use of the name of any individual stockholder is a mere matter of form. This reduces the litigation to its simplest elements and points out a road over which the court must travel in deciding the present motion.

It will be observed that the defendants to the bill as originally filed interposed an answer to the facts therein stated. It must be assumed that they answered those facts fully and that they waived all the less favored defences by way of plea and demurrer. It is true that they claim the same benefit of the facts as if they had demurred, but a demurrer in the answer can only be availed of at the final hearing, and in so far as it relies upon facts stated in the bill which have been answered, such a demurrer must be considered as overruled by the answer, and the questions of law raised by it must be determined upon the facts disclosed by the evidence adduced in support of the answer.

The principles governing the administration of the law in representative suits are well illustrated by the following cases: In *Willoughby* v. *Chicago Junction Railways Co., 50 N. J. Eq. (5 Dick.) 655,* Vice-Chancellor Green discussed the subject. There Ellerman brought a stockholders' suit in this court to enjoin the consummation of an agreement made by his company, in which the company and the other defendants appeared and answered, and the cause was regularly heard and decided. *Ellerman* v. *Chicago Junction Railways, 49 N. J. Eq. (4 Dick.) 217.* Willoughby, another stockholder in the same company, afterwards filed a bill to prevent carrying into effect what was prac-

tically the same agreement. It was held that in the absence of fraud or collusion by Ellerman a decision of the question in issue in his suit was conclusive as to all the similar questions raised in the Willoughby suit. The vice-chancellor says: "Actions of the class to which the Ellerman and Willoughby suits belong are *sui generis,* in this that the complainant does not prosecute in his own right. A stockholder as such does not have a legal or equitable estate in the corporate property; his only right of property is to a proportionate share of the profits of the business while the company is in operation, and to a proportionate share of the net assets on its dissolution. Unauthorized dealing with the franchises or funds of the corporation directly injure it as a legal entity; it is the franchises of the corporation which are to be misused, the funds of the corporation which are to be misappropriated, and the corporation therefore is the party to be injured, and should itself seek redress. * * * The Ellerman and Willoughby suits belong to that class of cases in which the corporation itself is directly injured and is primarily interested and should itself institute and maintain an action for relief, in which the remedy to be obtained, whether pecuniary or otherwise, is for its benefit and belongs to it alone. The stockholder in such cases has no standing in the court as a party except on the refusal, either express or implied, of the corporation itself to prosecute. * * * From the very form and nature of these suits each stockholder must be considered as represented, for if he is in sympathy with the complainant, he may become party complainant by application to the court. If he is in sympathy with the threatened action of the company, he is represented by and in the corporation, which is a necessary party to the suit." The decision in this case was expressly affirmed by the court of errors and appeals in the case of *Appleton* v. *American Malting Co., 65 N. J. Eq. (20 Dick.) 375.* That was a suit by a stockholder on behalf of himself and other stockholders similarly situated to compel the directors of the company to restore to the company moneys unlawfully paid out in dividends. The complainants had received their share of the dividends so illegally declared, and it was held that although

they did participate in the unlawful dividends, they might still maintain their suit without offering to pay back the dividends so received by them. 'The principle is referred to in *Fort Wayne Electric Corporation* v. *Franklin Electric Light Co., 57 N. J. Eq. (12 Dick.) 16,* and in *Ditlman* v. *Distilling Company of America, 64 N. J. Eq. (19 Dick.) 537.* The same rule prevails in New York. In *Brinkerhoff* v. *Bostwick, 99 N. Y. 185,* the original complainant was given the right at any time before judgment to settle his claim and discontinue his action, but it was held that upon prosecution to judgment such judgment was for the benefit of all the stockholders, and that the original complainant ceased to have control over it. The same doctrine was announced in *Hirshfeld* v. *Fitzgerald, 157 N. Y. 166,* and the general scope and character of this class of suits was commented on in the opinion of *Alexander* v. *Donohoe, 143 N. Y. 203.*. Mr. Justice Earl says: "Suing as a stockholder, the plaintiff's right of action is a derivative one; he sues not primarily in his own right, but in the right of the corporation. The wrongs of which he complains are wrongs to the corporation; they were not aimed at him and did not involve his personal, individual rights; he suffers as a member of the corporation, and it is the party to sue for and recover damages for the wrongs or equitable relief against the frauds alleged; the complaint is that all the alleged frauds, running through twelve years, in the end culminated in the final wrong and injury to the corporation, and for relief on account of such wrong and injury, a stockholder could only sue in case the corporation upon his demand, or what is equivalent thereto, refused or neglected to sue." Citing *Hawes* v. *Oakland, 104 U. S. 450.*

A very well-considered case is *Hearst* v. *Putman Mining Co., 28 Utah 184; 77 Pac. Rep. 753; 107 Am. St. Rep. 698.* The opinion contains an elaboration of the doctrine that when a representative suit is prosecuted to judgment it binds all the stockholders of the corporation, as they are estopped from bringing other representative suits for the same cause of action. In *Burland* v. *Earle (1902), A. C. 83, 71 L. J. P. C. 1,* the Judicial Committee of the Privy Council held that the fact that

a suit is brought in the name of a shareholder rather than in the name of the company is "mere matter of procedure in order to give a remedy for a wrong which would otherwise escape redress, and it is obvious that in such an action the plaintiffs cannot have a larger right to relief than the company itself would have if it were plaintiff, and cannot complain of acts which are violated if done with the approval of the majority of the shareholders or are capable of being confirmed by the majority." See also *Pom. Eq. Jur.* § *1095; Cook Corp.* § *748.*

It therefore appears to make no difference whether the suit is prosecuted by one or more or by all the stockholders. There can be but one adjudication on the rights of the corporation. It is probably true that a stockholder can disqualify himself from acting as a prosecutor of a representative suit, and that if such disqualification appears upon the face of the record the question can be raised by demurrer, but if it does not appear upon the face of the record it can only be raised by answer or by a proper amendment to an answer already filed, and such I conceive to be the situation in this case. The defendant Delaney has answered the original bill, and, under well-known rules he may not likewise demur to the same bill. His answer overrules his demurrer, and he must go to final hearing on the issues made up. If the fact which disqualifies a stockholder from becoming a prosecutor does not appear upon the face of the record it can be introduced by way of amendment to the answer already on file.

The defendant should be permitted to have an opportunity to question the standing of complainants as stockholders, who come into the suit after the issues are made up between the original parties, and it probably would be safer to make provision therefor in the order admitting them as complainants. Such provision was not made in the order in this case, but this omission ought not to stand in the way of questioning their qualifications by a proper proceeding, and such proper proceeding seems to me to be by way of amendment to the answer on file; but such amendment must be strictly confined to questioning the qualification of the four prosecutors against whose complaint the demurrer is leveled.

So far as the present motion is concerned the case of *Atkinson v. Hanway, 1 Cox Eq. Cas. 360,* seems to me authority for suppressing the pleading.

Let an order be entered suppressing the demurrer for irregularity and allowing the defendants fifteen days in which to amend their answer as is above indicated.