CHARLES A. HITCHCOCK, complainant-respondent,

*v.*

AMERICAN PIPE AND CONSTRUCTION COMPANY, defendant-appellant.

[Argued March 5th, 1919.    Decided June 20th, 1919.]

1. The court of chancery of this state has no power to allow counsel fees, in a cause instituted in this state, for professional services rendered in a foreign jurisdiction in an independent litigation. The allowance must be for services rendered in a cause over which the court making the allowance has jurisdiction.

2. Counsel fees ought not to be allowed a stockholder who institutes a suit against his corporation which is not for the benefit of any stockholder except himself, especially when the suit is to the disadvantage of the other stockholders.

On appeal from an order of Vice-Chancellor Lane allowing counsel fees, reported in *89 N. J. Eq. 440.*

*Mr. Gilbert Collins* and *Mr. Francis B. Bracken* (of the Philadelphia bar), for the appellant.

*Messrs. Runyon & Autenreith,* for the respondent.

The opinion of the court was delivered by

BERGEN, J.

This is an appeal from an order made by the chancellor upon the advice of a vice-chancellor, imposing upon the defendant the payment of counsel fees to the counsel of the complainant.

The facts, briefly stated, are, that the defendant was a corporation chartered under the laws of the State of New Jersey, pursuant to our act relating to corporations. Its assets were very large, and if properly administered would realize sufficient to pay all its obligations, but on account of its inability to finance all its operations, because of the difficulty of raising money during a period of our war with Germany, it became financially embarrassed, and in order to preserve its assets for the benefit of its creditors and stockholders, and with the assent of the officers of the corporation, two of its stockholders filed a bill in the United States district court for the eastern district of Pennsylvania, and a receiver was appointed who took charge of the administration of its business which he so conducted that the company was able, within a few months, to pay all of its debts and resume its ordinary business, so that the receiver was discharged and the assets returned to the corporation.

This complainant appeared in that litigation and asked to have the receiver discharged and the bill dismissed upon the ground that the United States district court had no jurisdiction over the subject-matter because the defendant in that suit was a New Jersey corporation. This application was heard by the federal court and denied, whereupon an appeal was taken to the United States circuit court of appeals where the action of the district court was affirmed, and, subsequently, a writ of *certiorari* was allowed by the supreme court of the United States, which was never pursued, manifestly because the corporation soon paid all of its debts and had its property returned to it. While this litigation was pending the complainant in the present cause prepared and filed in the United States district court for the State of New Jersey a bill praying for the appointment of a receiver, but that court refused to entertain the application upon the ground that the federal court for the eastern district of Pennsylvania had taken jurisdiction and was able to afford relief. The complainant then filed the present bill in the court of chancery of this state, and upon it such proceedings were had that the vice-chancellor appointed a receiver under our statute. The corporation having subsequently procured the discharge of the receiver appointed by the federal courts, made an application

578          COURT OF ERRORS AND APPEALS.

Hitchcock *v.* American Pipe and Const. Co.     *90 N. J. Eq.*

to the vice-chancellor that the receiver here be discharged and the property reconveyed to the corporation.

The vice-chancellor made an order that, because of a claim being interposed by the complainant in the nature of a debt, which the corporation disputed, but was willing to secure, the corporation deposit bonds of the value of $13,000, "as security for the payment of any sum that may be awarded on any final adjudication thereof to this complainant, and for costs and counsel fees to the complainant in this cause," and further ordered that there be paid to the receiver appointed by him, the sum of $3,000 as his compensation, and the sum of $2,000 as the compensation of his counsel, and also the costs and disbursements of the receiver, and that upon such deposit being made the defendant might present an order directing the receiver to convey the property to the corporation. This allowance to the receiver and his counsel was paid. Following this, complainant's counsel presented a claim to the receiver for $12,500 as counsel fees, which he disallowed, and thereupon the claimants appealed from that decision to the vice-chancellor, who then made an order referring to the receiver, who had just rejected the claim as a special master, to take testimony and report his opinion as to the amount that ought to be allowed to counsel for their services in the pending cause, and the amount to be allowed for services rendered in the district court of the United States for the eastern district of Pennsylvania, including the supreme court of the United States, and he reported to the vice-chancellor that the amount which ought to be allowed to counsel for services rendered in this cause should be $2,000, and the amount to be allowed as counsel fees in the federal courts should be $5,000, and this report the vice-chancellor confirmed and made an order directing such payments to be made in the manner and for purposes reported by the special master. From this order the defendant has appealed.

This order we conceive to be without support in law or equity, so far as it allows counsel fees for services in the federal courts, and as to services in the courts of this state a clear abuse of judicial discretion. This allowance of $5,000 is distinctly put upon the ground of services rendered by counsel in the federal

courts over which our courts have not the slightest jurisdiction, any more than the federal court would have the power to award counsel fees for services in the courts in this state out of funds impounded here, and it amounts to a judicial sequestration of the property of a litigant to pay for the services of the counsel of his opponent in a litigation which took place in a foreign state, and in a court having no relation to the administration of justice by the courts of this state. The vice-chancellor at first thought that the claim of counsel was a debt, but, subsequently, saw the error of this and put the allowance upon the ground that it was in the interest of the stockholders of the corporation. Clearly, it was not, but if it was, the services were rendered in another and foreign jurisdiction over whose procedure he had not the slightest control, and the allowance of counsel fees in such case is not sanctioned by any statute or rule prevailing in this state. The proceedings in the federal court were not for the benefit of any stockholder other than the complainant, and he was unsuccessful in his contest. The vice-chancellor devotes a considerable portion of the opinion he filed in endeavoring to demonstrate that the federal court was without jurisdiction, but that question was not pertinent to the present issue and no consideration of it is necessary.

As to the allowance of $2,000 nothing was done by counsel in the present cause warranting any such allowance. All that counsel did was to prepare and file, substantially, the identical bill filed by them in the United States district court for New Jersey, and in our opinion was not filed in good faith, as there were no assets in this state to administer, and, so far as the record shows, nothing came to the receiver to be administered, and, so far as we are able to see, nothing of any moment was done by his counsel, although together they were allowed $5,000 out of the funds of this corporation which was paid.

No real substantial benefit could be derived by any stockholder from this proceeding, and its only purpose was to raise in another way the very question decided against the complainant by the federal courts, and what Vice-Chancellor Stevenson said in *Gallagher* v. *Asphalt Co. of America, 67 N. J. Eq. 441,* may well be applied, which was: "The complainant's application in

this cause amounts simply to this: that she prefers to come to this court and willfully refuses to go to the federal court. She wants this court to consider that she cannot get justice, or full justice, in the learned and distinguished court—the federal court —established here, and she therefore wants this court, practically, to sit in judgment upon what the other court has done."

Certainly, the allowance of $2,000 under these circumstances was not warranted, for the allowance of counsel fees should be an exercise of judicial discretion, founded upon the knowledge of the court making the allowance of the real value of the services performed, and not rested upon the testimony of experts as to the general value of professional services, and, particularly, it ought not to be founded upon the conclusion of the very person who, as receiver, has once rejected the claim, and whose *quasi*-judicial action is the very subject of the appeal, which he is called upon to assist in determining, and we cannot approve the fixing of counsel fees by any such method.

The entire order is reversed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Taylor, Gardner—9.