The bill shows that the board of directors of Charles R. Hedden Company, a corporation, on August 15th, 1922, resolved:
"That should the treasurer at any future time and at his pleasure withdraw from active management of the company's affairs, his *Page 47 
stockholdings in the company shall be purchased by the Charles R. Hedden Company at the book value per share at the closing of business for the fiscal year ending December 31st preceding his intention to withdraw and date of resignation."
At that time there were three directors, Charles R. Hedden, Walter J. Dozier and Harold F. Fisher. Complainant was a stockholder. The directors and the complainant held all the capital stock. Later the board was increased to four and the complainant was added as a member. At a meeting of the directors held January 15th, 1924, Mr. Dozier, treasurer, moved that the company purchase his stock pursuant to the cited resolution, at the book value as of the preceding December 31st, as shown by the treasury report then submitted, $65,209. The motion was lost, two directors voting for and two against it — the complainant voting no. Mr. Dozier resigned as director, vice-president and treasurer, and immediately after the meeting surrendered the certificate of his shares of stock, drew the company's check to his order for $65,209 on the company's bank and withdrew that amount, presumably by virtue of the resolution of August 15th, 1922, and presumably conformably therewith. There is an allegation that the sum withdrawn is greatly in excess of the actual book value of the shares. The prayer is to void the resolution and the return of the money.
The illegality of Dozier's conduct is not questioned, the only objection to the bill being that the complainant cannot, as stockholder, on behalf of the company bring the action; that only the company can sue. Nor is there any controversy as to the rule that in order to maintain a suit in a representative capacity, such as a stockholders' suit, it is essential to the complainant's case that he allege and prove either a request upon, and a refusal by, the corporation to sue, or such a situation as would make certain that such request, if made, would be denied, or, if granted, that the litigation would be under the direction of persons opposed to its success. 3 Pom. Eq. Jur.
(3d ed.) §§ 1094, 1095; Willoughby v. Chicago JunctionRailways Co., 50 N.J. Eq. 656; Appleton v. American MaltingCo., 65 N.J. Eq. 375; Groel *Page 48 
v. United Electric Co., 70 N.J. Eq. 616; Goodbody v. Delaney,80 N.J. Eq. 417; Hitchcock v. American Pipe and ConstructionCo., 89 N.J. Eq. 440. Complainant claims that the bill meets the requirement of the rule by the showing that the board of directors (of which he was not a member) approved the resolution for the unlawful diversion of the corporate funds. This cannot be seriously disputed unless countervailing inferences are permissible from the later action of the board of directors of January 15th, 1924, refusing assent to the execution of the earlier resolution. The moving defendant argues that it is to be presumed that of the two negative votes his was not one, and that, consequently, he having resigned, it is to be presumed that a majority of the directors remaining are opposed to his conduct complained of. While that may be, it is not to be inferred that they will authorize suit, or, if authorizing, will prosecute it seriously. It does not follow that having for the time being interrupted the execution of the unlawful resolution they will pursue and destroy it. They did not repudiate or attempt to rescind or abrogate it, but merely refused to yield their assent to its performance at that time. The resolution was self-operative, in that the terms were fixed, and all that was needed for its accomplishment was the will of Dozier. No further consent of the directors was required, and, presumably, he acted accordingly. The presumption arising from the action of the board in the resolution of August 15th, 1922, is not, in my judgment, overcome by the later action in January, 1924.
Counsel for the moving defendant professes that his motive for the present motion is that his client will be in a more advantageous position to retain the diverted funds if the action be prosecuted by the corporation; how he has not divulged; but if this be so, and the corporate funds have been illicitly abstracted, then all the more reason why the bill should be sustained, for, after all, though, in legal contemplation, the company as a legal entity is the injured party, the real sufferers are the stockholders.
 Motion denied. *Page 49