JAMES H. TOOTHE, respondent,

*v.*

WALTER J. DOZIER and CHARLE. R. HEDDEN COMPANY, appellant.

[Decided October 20th, 1924.]

A stockholder of a corporation has no status to file a bill to enforce a strictly corporate right existing in the company of which he is a member, unless he first applies to the governing body of such corporation to institute the suit, or unless it is apparent that if such application was made it would be be denied, or, if granted, that the litigation following would necessarily be under the direction of persons opposed to its success; and, where the facts set out in his bill do not clearly demonstrate the existence of such a situation, a motion to dismiss should prevail.

On appeal from the court of chancery advised by Vice-Chancellor Backes, whose opinion is reported in *96 N. J. Eq. 46.*

601

*Mr. Conover English,* for the appellant.

*Mr. Ralph E. Lum,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The appeal brings before us for review an order refusing a motion to strike out the complainant's bill. It was filed by Toothe, as a stockholder of the Charles R. Hedden Company, a corporation of this state, in the right of the corporation. The facts upon which the right to relief is based, as they appear in the bill, are that on the 15th of August, 1922, when the board of directors of the corporation consisted of three members, one of whom was the defendant Dozier, a resolution was passed by the board, providing that if at any time in the future Dozier should desire to withdraw from the active management of the company's affairs, his stock holdings should be purchased by the corporation at the book value thereof at the closing of business for the fiscal year ending December 31st preceding his withdrawal. Nothing was done looking to the putting in force of this resolution until January 15th, 1924, when, at a meeting of the board, Dozier, who was then not only a memebr thereof but also the treasurer of the corporation, moved that the company purchase his stock pursuant to the resolution above referred to. This motion was lost by a vote of two to two, the membership of the board having been increased in the meantime to four by the election of Mr. Toothe, the present complainant. Mr. Dozier thereupon resigned as director and treasurer, and the complainant thereupon was elected to the latter office to fill the vacancy. After the election of complainant as treasurer, but on the same day or the day thereafter, the defendant Dozier drew the company's check to his own order for the sum of $65,219, signed it as treasurer, although he no longer held that office, presented the check to the bank upon which it was drawn, received the money thereon, and then attempted to surrender to the company the certificate of his shares of stock by handing it to the complainant and requesting from him a

receipt therefor on behalf of the company, which the complainant refused to do. The relief sought by the bill is a judicial declaration that the resolution of the board of directors of the defendant company adopted on the 15th of August, 1922, was *ultra vires* and void; that the defendant Dozier may be decreed to repay to the corporation. the moneys obtained by him upon. the check already referred to, and that the defendant corporation may be directed to return to Dozier the stock certificate which he had handed to the complainant, notwithstanding the fact that, so far as the bill discloses, this certificate never came into the possession or under the control of the company.

The motion to dismiss the bill was based upon the contention that a stockholder of a corporation has no status to file a bill to enforce a strictly corporate right existing in the company of which he is a member unless he first applies to the governing body of the corporation to bring the action, or unless it is apparent that if such application was made it would be denied, or, if granted, that the litigation following would necessarily be under the direction of persons opposed to its success; that the bill contains no averment that such an application was made, and that the facts set out therein do not justify the conclusion that, if made, it would have been futile. The soundness of the legal principle upon which the application was rested is conceded by counsel for the respondent and by the vice-chancellor before whom the application was heard. It is also conceded that in the absence of any averment in the bill to the contrary, it is to be presumed that no application was made to the board of directors to institute the present proceeding; but it was contended by the complainant before the learned vice-chancellor and before us that, upon the facts above recited, it is apparent that such application would have been unavailing, and the vice-chancellor considered this contention to be sound. We cannot concur with him in this view. Assuming that the resolution of August, 1922, was invalid, the fact that in January, 1924, the corporation refused, by a tie vote of the directors, to purchase the Dozier stock, notwithstanding their earlier resolution, and that im-

mediately after such refusal Dozier resigned from the directorate, justifies the conclusion that two of the present directors voted against the purchase of the Dozier stock at the meeting of January 15th, 1924, and that, as they constituted a majority of the board, an application to that body to institute a suit for the purpose of accomplishing the primary purpose of the present bill would not have been denied. And even if a majority of the board as at present constituted was in favor of the purchasing of the Dozier stock, we cannot believe that this fact would have led to a refusal to institute such a proceeding, or, if instituted, that it would not have been prosecuted honestly and vigorously. If the statements in the bill are true, if Dozier drew a check against the account of the corporation and signed it as treasurer, although he did not then hold that office, and then induced the bank upon which it was drawn to pay it by concealing the fact that he had no authority to sign it, and so no right to collect upon it, and then appropriated the money so obtained to his own use, his conduct was not only wrongful but criminal—as much so as if he had, without authority, taken money out of the company's safe and fraudulently appropriated it to his own use. To say that a majority of the members of the directorate would have been guilty of condoning this criminal action, and would either have refused to take steps to have it invalidated and to compel a restoration of the funds into the treasury of the company, or, if they had taken such action, would have prosecuted it without any desire to bring about a successful result, is to cast an aspersion upon the integrity of the directors which the facts set out in the bill will not justify.

We conclude therefore that the motion to dismiss the bill should have prevailed and that the order refusing it should be reversed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Van Buskirk, Clark, McGlennon, Kays—13.