This cause was originated by a stockholder of Barber Asphalt Corporation in behalf of the corporation to restrain certain officers and directors of the company from an alleged undertaking to destroy the established business and divert *Page 413 
the corporate assets from purposes authorized by its charter and to oblige the officers and directors to account and to compensate the corporation for the consequent losses. It is evident that this suit is intended to be prosecuted in the right of, and for the benefit of, the corporation. The right of the complainant to maintain the suit has not been challenged.
In characterizing a suit of this style, Vice-Chancellor Bigelow in Mayer v. Oxidation Products Co., Inc., 110 N.J. Eq. 141;159 Atl. Rep. 377, remarked:
"While an actual or threatened misuse of corporate assets may be treated as an injury to the individual stockholders as beneficiaries of a trust, or parties to a contract, still the cause of action arising therefrom belongs primarily to the corporation itself. And this is so whether the defendants are strangers to the corporation or are officers or directors acting under color of authority vested in them by the corporation and whether they act fraudulently or in good faith. The stockholder who files the bill in such a case, acts in a representative capacity; he asserts a right which belongs primarily to the corporation. * * *
"In these suits brought by a stockholder in behalf of the corporation, it is necessarily implied that the actions complained of are hostile to the corporation. This applies equally to suits against directors charged with a willful breach of trust, and to cases where complainant seeks to enforce the charter as a contract and to restrain a violation thereof approved in good faith by a majority of the stockholders. The corporation's cause of action asserted by the stockholder, must be founded on the notion that the diversion of the corporate assets from the purposes for which the corporation was formed, is inimical to the corporation."
In Wilson v. American Palace Car Co., 64 N.J. Eq. 534, 536;54 Atl. Rep. 415, Vice-Chancellor Emery stated:
"In these cases of representative rights, the company represented, although made formally a defendant, is strictly and properly the real complainant. * * *"
In Groel v. United Electric Company of New Jersey, 70 N.J. Eq. 616,625; 61 Atl. Rep. 1061, Vice-Chancellor Garrison said: *Page 414 
"By reference to the early cases upon the subject of suits of this character it appears that the corporation is only made a defendant because it would not be complainant, and that the suit is entirely for its benefit, and that it is required to be made a party so that the subject-matter may be res adjudicata as to it. Robinson v. Smith, 3 Paige Ch. 222; Davenport v. Dows,18 Wall. 626; 21 L.Ed. 938; Hawes v. Oakland, 104 U.S. 450;26 L.Ed. 827.
"The corporation thus made a defendant may, I think, properly be termed the `formal defendant,' while the other defendant, from whom a recovery is really sought, may properly be termed the `actual defendant.'
"The actual defendant may always question the right of the complainant to bring a suit against such actual defendant on behalf of the corporation of which such complainant is a stockholder. The authorities hold that it is a matter of discretion in the court whether to permit a suit to be brought by a stockholder on behalf of his corporation, and that the court will exercise its discretion, having in view the circumstances of the parties, their relationship to each other and to the cause of action, the refusal to sue, c.
"The real meritorious question in each case, however, is between the formal defendant and the actual defendant, although the machinery for bringing the case into court is set in motion by the complainant.
"The formal defendant should have the right to object to and to question the power of the complainant to bring a suit in its behalf, but I do not think that the form in which it should raise this objection should be by plea or answer or demurrer.
"In the English practice the corporation in whose behalf the suit is brought is made a party complainant. If the corporation thus made a party complainant objects by petition, it is eliminated as a complainant and is made a defendant. Duckett v.Gover, 6 Ch. Div. 82, 85 (Master of Rolls Jessel, 1877);Wilson v. American Palace Car Co., 64 N.J. Eq. (19 Dick.)536 (Vice-Chancellor Emery, 1903).
"If we should adopt a practice by which the formal defendant should raise its objection by a petition setting *Page 415 
forth such facts as it thought relevant, and giving the reasons why it thought the complaining stockholder should not be permitted to prosecute a suit in its behalf, the court could, upon such an issue, properly determine the only question that ever should be permitted to be litigated between the formal defendant and the complainant without in any way interfering with the real, meritorious issue against the actual defendant."
Vice-Chancellor Stein in Solimine v. Hollander, 129 N.J. Eq. 264,267; 19 Atl. Rep. 2d 344, observed:
"The rule that I gather from the cases is to the effect that where directors are charged with misconduct in office and are sought to be held accountable, the corporation is required to take and maintain a wholly neutral position, taking sides neither with the complaining stockholder nor with the defending director."
Additional decisions of similar import are: Brown v.Vandyke, 8 N.J. Eq. 795; Gifford v. New Jersey Railroad andTransportation Co., 10 N.J. Eq. 171; Elkins v. Camden andAtlantic Railroad Co., 36 N.J. Eq. 5, 15; Ellerman v. TheChicago Junction Railways and Union Stockyards Co., 49 N.J. Eq. 217; 23 Atl. Rep. 287; Laurel Springs Land Co. v. Fougeray,50 N.J. Eq. 756; 26 Atl. Rep. 886; Willoughby v. Chicago JunctionRailways, c., Co., 50 N.J. Eq. 656; 25 Atl. Rep. 277; Appleton
v. American Malting Co., 65 N.J. Eq. 375; 54 Atl. Rep. 454;Goodbody v. Delaney, 80 N.J. Eq. 417; 83 Atl. Rep. 988;Hitchcock v. American Pipe and Construction Co., 89 N.J. Eq. 440; 105 Atl. Rep. 655; reversed, 90 N.J. Eq. 576;107 Atl. Rep. 267; Toothe v. Dozier, 96 N.J. Eq. 46; 124 Atl. Rep. 319;reversed, 96 N.J. Eq. 601; 126 Atl. Rep. 316; Holub v.Jacobwitz, 123 N.J. Eq. 308; 197 Atl. Rep. 423.
An answer has been filed by the defendant corporation which controverts the charges of the complainant's bill, embodies the averments of the answer of the individual defendants and prays that the bill be dismissed. Some of the averments relating to the organization of the company, the changes in its corporate name and its capital structure *Page 416 
are perhaps unobjectionable but these identical facts are brought to the attention of the court by the answer of the other defendants. In its relation to the corporation, the bill seeks the conservation and not the liquidation of the company. Its apparent purpose is to preserve the business and the property of the company; to prevent the dismemberment of its plants and the dissipation of its assets and the diversion of its capital to unauthorized enterprises. There is no occasion for the corporation to intermeddle in the controversy.
The answer filed by the corporation is accordingly inapt and improper. The motion to strike it is granted with leave afforded the defendant to file an amended answer. Ordinarily, the answer of the corporation in such a suit neither affirms or denies the charges of the bill but invites the complainant to prove them to the end that the corporation may receive for itself any benefits to which it may be equitably and justly entitled.
An order striking out the answer with leave to file an amended answer will be advised.