The complainant, a stockholder of Barber Asphalt Corporation, a New Jersey corporation, instituted this cause in his own behalf and in behalf of all other stockholders of the corporation who may desire to co-operate and unite in its prosecution. The bill charges (paragraph 12) that the individual defendants who have served as directors of the company, "unmindful of their duty as the managers of the defendant company's business and as fiduciaries with respect to the stockholders of said company and indifferent to the *Page 407 
rights and interests of said stockholders, have negligently and fraudulently mismanaged the affairs and business of said company" and have committed certain recited acts to the injury and damage of the company and its stockholders. Broadly stated, the bill charges a conspiracy between the individual defendants initiated by the defendant Rieber, to unlawfully accomplish as officers and directors a subversive transformation of the authorized and established business of the corporation and a concurrent diversion of its capital and properties to an experimental and speculative object ultra vires the character of the corporation. For immediate purposes, a more definite recitation of the allegations of the bill need not be undertaken.
The bill discloses that the individual defendants so accused are, as officers and directors, in control of the corporate action of the company, hence the institution of this suit by the complainant as a stockholder and the inclusion of the corporation as a formal defendant in conformity with accepted procedure.Pom. Eq. Jur. (5th ed.) 277 § 1095.
The relief, inter alia, for which the complainant prays is that the defendants be enjoined and restrained:
"(a) From discontinuing and abandoning the normal business operations of the defendant company, carried on at its plants at Perth Amboy, New Jersey, and elsewhere, which operations relate principally to its `Oil Refinery,' its `Asphalt Refinery' and its `Roofing Plant' at Perth Amboy, New Jersey;
"(b) From dismantling any of the plants or buildings now or heretofore used by the defendant company in the operation of its business at Perth Amboy, New Jersey, or elsewhere, and from dismantling, removing, selling or otherwise disposing of any of the machinery or equipment contained in any of said plants or buildings or appurtenant thereto or used in connection therewith or in connection with the business now or heretofore conducted therein;
"(c) From selling, assigning, transferring, conveying or otherwise disposing of any of the assets, properties or effects of the defendant company except in the usual and ordinary course of trade; *Page 408 
"(d) From consummating, carrying out and performing the executory agreement for the sale by the defendant company to Bonafide Mills, Incorporated, of the `Roofing Plant' at Perth Amboy, New Jersey, or any of the curtilage, buildings, equipment or other property or effects, tangible or intangible, involved in the proposed transaction of sale from the defendant company to the said Bonafide Mills, Incorporated, which transaction is more particularly described in the within bill of complaint, and from executing or delivering any instrument of transfer, assignment or conveyance of any of the properties, real or personal, tangible or intangible, involved in said proposed transaction or contemplated by the terms thereof;
"(e) From causing, directing or permitting the defendant company to engage, directly or indirectly, or by or through the medium of any subsidiary company or by any other means, in the business of building or repairing ships, boats, docks, waterways, piers, ways, dry docks and the like, except in so far as the same may be directly and necessarily related to the carrying on of the ordinary, normal and established businesses of the defendant company heretofore carried on at Perth Amboy, New Jersey, and elsewhere, and from engaging for or in behalf of the defendant company, directly or indirectly, by any means whatsoever, in any business venture or project not expressly or by necessary implication sanctioned or authorized by its certificate of incorporation."
The defendants are now restrained, pendente lite, from the pursuit of such undertakings, except to the extent permitted by an order made on July 2d 1942.
Despite the pending litigation, the directors of the company (defendants in this cause) have now resolved to call a special meeting of the stockholders to be held on October 21st, 1942, at which it is proposed to submit for their adoption six resolutions entitled as follows:
"(1) Resolution Approving Amendment of Article III of the Certificate of Incorporation.
"(2) Resolution Approving the Subscription to the Capital of New Jersey Shipbuilding Corporation and the Two Shipbuilding Contracts Undertaken by it for the Navy. *Page 409 
"(3) Resolution Approving the Purchase of a Tanker from the Maritime Commission.
"(4) Resolution Approving the Sale of the Roofing Plant at Perth Amboy to Bonafide Mills, Inc.
"(5) Resolution Approving the Dismantling of the Philadelphia Paving Plant and the Offer of the Land for Sale.
"(6) Resolution Approving the Sale of 206 Tank Cars to General American Transportation Corporation."
The subject of immediate consideration is the application of the complainant to enjoin corporate action on these resolutions until the final hearing of this cause.
It is not apparent that the subject-matter of the present cause will be in the least disturbed by an undertaking of the stockholders to amend in a lawful manner the certificate of incorporation of the company to embrace for future exercise the power to construct ships. Likewise, the consideration by the stockholders of the resolution (3) relative to the purchase of a tanker is unobjectionable.
The accompanying resolutions (Nos. 2, 4, 5 and 6) are manifestly redacted and designed to effectuate a ratification by a majority of the stockholders of acts of the individual defendants which are specifically impugned by the complainant and the performance of which has been temporarily enjoined.
True, certain acts and transactions are of a character which, although initially unauthorized, may be ratified by a majority of the stockholders. However, acts which are ultra vires, illegal or fraudulent are excluded from that class. For example, the application of $1,000,000 of the funds of the defendant corporation to the subscription to all of the capital stock of the newly incorporated New Jersey Ship-building Corporation is assailed as an act beyond the range of the corporate powers of the defendant company. A problem inherently legal is projected. Its solution does not repose in the affirmative vote of the stockholders. The sale of the tank cars, the agreement to sell the roofing plant, the dismantling of the paving plant and the disposal of the land are declared by the complainant to have been collusively and *Page 410 
mendaciously inaugurated by the individual defendants with the deliberate intent to destroy the established business of the company. The ultimate proofs may not confirm these accusations, but it has been deemed equitable to maintain the existing posture of the corporate affairs until the facts are fully adduced.
It must be realized in the decision of the present motion that this case, catalogued as a derivative or representative suit, is basically the cause of action of the corporation, prosecuted in its right and for its benefit. The corporation is recognized as the true complainant. It is in its favor that the remedy is sought. Brown v. Vandyke, 8 N.J. Eq. 795; Gifford v. NewJersey Railroad and Transportation Co., 10 N.J. Eq. 171; Elkins
v. Camden and Atlantic Railroad Co., 36 N.J. Eq. 5, 15;Ellerman v. The Chicago Junction Railways and Union StockyardsCo., 49 N.J. Eq. 217; 23 Atl. Rep. 287; Laurel Springs Land Co.
v. Fougeray, 50 N.J. Eq. 756; 26 Atl. Rep. 886; Willoughby v.Chicago Junction Railways, c., Co., 50 N.J. Eq. 656;25 Atl. Rep. 277; Wilson v. American Palace Car Co., 64 N.J. Eq. 534;54 Atl. Rep. 415; Appleton v. American Malting Co., 65 N.J. Eq. 375; 54 Atl. Rep. 454; Groel v. United Electric Company of NewJersey, 70 N.J. Eq. 616; 61 Atl. Rep. 1061; Goodbody v.Delaney, 80 N.J. Eq. 417; 83 Atl. Rep. 988; Hitchcock v.American Pipe and Construction Co., 89 N.J. Eq. 440;105 Atl. Rep. 655; reversed, 90 N.J. Eq. 576; 107 Atl. Rep. 267; Toothe
v. Dozier, 96 N.J. Eq. 46; 124 Atl. Rep. 319; reversed, 96 N.J. Eq. 601; 126 Atl. Rep. 316; Holub v. Jacobwitz, 123 N.J. Eq. 308; 197 Atl. Rep. 423; Mayer v. Oxidation Products Co., Inc.,110 N.J. Eq. 141, 146; 159 Atl. Rep. 377; Solimine v.Hollander, 129 N.J. Eq. 264; 19 Atl. Rep. 2d 344.
There are in excess of 390,000 shares of the stock of the company outstanding in the hands of the public. I am not informed of the number of stockholders but presumably they are numerous. It is purely imaginative to suppose that the stockholders in any number (although apprised of the issues in the pending cause) have investigated the factual foundation *Page 411 
of the charges in the bill. Probably only a few of them will personally attend the meeting. The uninformed will vote in response to blind faith or in a spirit of generous condonation. The proxy in the form sent to the stockholders provides for the appointment of three of the defendants to represent the stockholder. While it enables the stockholder to direct his attorneys to vote for or against each resolution, it also provides that in the absence of such direction, the attorneys so nominated shall vote for the adoption of the resolution in each case.
To submit these controversial subjects, now suspended in litigation, to the vote of the stockholders for corporateaction cannot be productive of any result serviceable and beneficial to the interests of the corporation. Having in mind the pending cause, the adoption of these particular resolutions might supply the individual defendants with new and additional defensive averments or contentions questionably founded upon the doctrines of waiver and estoppel. Pom. Eq. Jur. (5th ed.)284 § 1095 b; Cf. Goodbody v. Delaney, 82 N.J. Eq. 140, 149;91 Atl. Rep. 724.
The submission of resolutions 2, 4 and 5 for such adoption is in reality an endeavor to promote and fatten undertakings sponsored by the defendants and which enterprises are at present enjoined. Equitably, it is in the best interests of the corporation and its stockholders that there should be no present corporate action taken concerning these litigious subjects until the final hearing of this cause.
The conclusions are that the motion to enjoin or abridge the submission for adoption of the resolutions (1) approving the proposed amendment of the certificate of incorporation and (3) approving the purchase of a tanker, is denied, and an injunction will be allowed restraining corporate adoption of the resolutions approving (2) the subscription to the capital of New Jersey Shipbuilding Corporation, (4) sale of roofing plant, (5) dismantling Philadelphia paving plant, and (6) sale of tank cars. The votes for and against these latter resolutions, however, may be received, canvassed by the inspectors, and their report filed with the secretary of the *Page 412 
company for future record and announcement when permitted by the further order of this court. Berendt v. Bethlehem Steel Corp.,108 N.J. Eq. 148; 154 Atl. Rep. 321.